ALBANY,
Feb. 1825

Rowan
v.
Lytle

Motion denied.

ROWAN *against* LYTLE.

ON a writ of error to the C. P. of Washington county, returnable in May term, 1823, but not actually returned and filed in the Clerk's office of this Court till October term, 1823, the plaintiff's attorneys, at the same term of October, filed an allegation of diminution, and entered a rule awarding a writ of certiorari which was immediately issued, and filed with the Clerk of the Court below, returnable at the February term of this Court, 1824. On the 28th January, 1824, the plaintiff's attorneys served the defendant's attorneys with an assignment of errors, but without notice of any rule to join in error, nor had any such rule been entered; and the defendant's attorneys, the next day, served a joinder in error, of *in nullo est erratum*, upon the plaintiff's attorneys. The cause had been noticed for argument at May, August, and October terms last; but no error book served on the defendant's attorneys, till just as one of them was starting from his residence in Salem, Washington county, to attend the last August term; and the issue being young, he did not examine the error book till since the last October term; but supposed that it contained a mere copy of the record in the Court below. On examining it, however, he found that the minutes of the Clerk containing the verdict of the jury, and also two rules for judgment had been certified. The action below was replevin, for various articles of personal property, brought by Rowan against Lytle; and the jury found part of the property in Rowan and part in Lytle, thus giving a double verdict, upon which the parties had respectively entered rules for judgment. These were certified.

*It seems*, that in order to warrant the issuing a certiorari, on error, to bring up any proceedings *dehors* the record, the plaintiff in error must first assign the diminution specially and serve it upon the defendant or his attorney, as in ordinary cases of an assignment of errors. The court may award a certiorari to support the judgment, at any time. Form of rule for this purpose.

Whether a certiorari on alleging diminution should be allowed by a judge? Quære.

Where an attorney has been negligent in not informing himself of an irregularity for several terms, he cannot move to set aside the proceedings.

*S. A. Foot*, for the defendant, now moved to set aside the suggestion of diminution, and all subsequent proceedings, for irregularity; and he took several grounds; 1st. That diminution was not regularly alleged. He said an assign ment of errors is either *general* or *special*. When the plaintiff in error relies upon any defect, which does not ap pear upon the face of the record, he must assign such de- fect for error, specially, and pray a certiorari to verify. (1 Archb. Pr. 228, 229. Tidd. Pr. 1109. 2 Ld. Raym. 1441. Id. 1156. Id. 1398. 2 Saund. 101, *q, r, in note*, where all the cases are reviewed.) A copy of this special assignment should then be served on the defendant's attorney, who may come in and confess the error by pleading *in nullo est erratum*, which will supersede the necessity of a *certiorari ;* (Tidd. Pr. 1111;) and if the defendant does not plead *in nullo est erratum*, then is the time for the plaintiff to sue out his *certiorari* to verify his assignment; and if the re- turn to this does not bring up all proceedings, the defend- ant in error may, before joining in error, enter a suggestion of the fact, pray a certiorari, have a return of the proceed- ings omitted, and then pleaded *in nullo est erratum*. (Id. 1114.) If there be no certiorari prayed, to verify the error assigned the Court will disregard it. (2 Archb. Pr. 229.) The form of an assignment of errors alleging diminution is given in Tidd's Appendix, 307, and in *Burr* v. *Water- man and Wells*, (2 Cowen's Rep. 36, 38, note.) Farther as to the practice subsequent to alleging diminution, he cited, 1 Archb. Pr. 229, Tidd. Pr. 1110, 2 Ld. Raym. 1047, Tidd. Pr. 1112, 2 Saund. 101 *r, note ;* and contended that the whole practice was at war with a secret *ex parte* as- signment, writ and return; that at any rate, whether the allegation should precede or follow the assignment of errors, the defendant in error should have notice of it; a copy of the suggestion should have been served at least as early as when the copy of the assignment of errors was delivered.

2. The second ground he took was that the certiorari should have been allowed by a Judge; that it stands on the same footing as a writ of error, or *habeas corpus*, neither of

which can be issued without an allowance, (1 R. L. 140, s. 1.)

ALBANY,
Feb. 1825.

Rowan
v.
Lytle.

3. He also objected that the certiorari was returnable out of term, viz. the 1st Monday of February; whereas it should have been the 3d Monday; and the Court will not allow an amendment. (2 Str. 765, 819. 2 Saund. 101 *r.*)

4. Should the Court be against the defendant upon all these grounds, he then asked a *certiorari*, on the part of the defendant, on entering a suggestion that a judgment had been entered on the verdict rendered in favor of the plaintiff, this not appearing upon the present return. The Court may issue a certiorari, even after diminution alleged by the plaintiff, and one certiorari returned and *in nullo est erratum* pleaded. (*Berkley* v. *Howard*, 2 Str. 907.)

*S. Stevens*, contra, said the delay in making the motion was not excused. Where the objection sounds in irregularity, delay should be fully and clearly excused. The inattention of the attorney is not such an excuse as the Court will receive.

It is not necessary to have a writ of this kind allowed. It is a writ of right, not of grace. A writ of error from this Court to the Common Pleas is never allowed; and this is as much a writ of right, as a writ of error. (1 R. L. 143, s. 1. 2 R. L. 148, s. 12.) The certiorari issues upon a rule of this Court, the entry of which is equivalent to an allowance. It is like the case of a *habeas corpus* or *certiorari* issued upon a special application to, and a rule of this Court ordering it.

The defendant has appeared and pleaded, the cause has been noticed for argument for three successive terms; and he comes too late with a motion to set aside the previous proceedings for irregularity.

As to the practice; the allegation of diminution, and the assignment of errors are separate pleadings. In the allegation of diminution, nothing is said of any error in the record, or that any error whatever exists; but merely that there were certain proceedings in the cause not returned with the

writ of error; and it then prays that they may be certified. On the certiorari being returned, the plaintiff assigns errors both in the record and in the matters certified; and the defendant joins in error. By our practice the defendant has a right to join in error immediately, on being served with a copy of the assignment; and after *in nullo est erratum* pleaded, no certiorari can go. Thus the practice contended for would altogether deprive the plaintiff of his certiorari. (2 Dunl. Pr. 1156.) There is no necessity for notice that the certiorari has issued. The defendant might as well contend for notice of issuing the writ of error. The first notice of either may be the assignment of errors upon the matters brought up, unless, in case of the writ of error, the party wishes to make it a *supersedeas* to execution or a stay of proceedings. The rule for a *certiorari* is a rule of course; and the attorney need no more give notice of his intention to enter it, than in the case of any common rule.

*The Court*, in delivering their opinion, did not enter much into the practice which should be pursued by the party in issuing a certiorari. They inclined to think, however, that the English practice as contended for by Mr. Foot should be pursued. They said that this practice was to assign errors in the record, removed by the writ of error, and by the same instrument to allege diminution and pray a certiorari. This seemed to be the more reasonable, because on serving the defendant's attorney with a copy of this assignment and allegation, he may come in and confess the diminution assigned; and thus supersede the necessity of a certiorari. But they were clear that the defendant in error should have looked to all these objections for irregularity, earlier. They were merely technical; and were waived by the delay.

They said no substantial injury could arise to the defendant from retaining the proceedings as far as they had gone. He now applied on his part to enter a suggestion upon the roll and take out a *certiorari;* and they saw no objection to this. It was true that, after *in nullo est erratum* pleaded, neither party could as of course have a certiorari, yet the Court might award this writ to affirm the judgment at any

time. (1 Archb. Pr. 229.) They allowed the defendant therefore, to take a rule for this purpose.

RULE : That the motion to set aside the suggestion of diminution made, and the certiorari issued by the plaintiff be denied ; and it is further ORDERED, that the defendant have leave within 20 days to enter a suggestion that judgment has been entered on the verdict rendered in favor of the plaintiff in the Court below ; and that thereupon a certiorari issue ; and that no costs be allowed on this motion.