LEWIS *a.* JONES.

*New York Superior Court; At Chambers, February,* 1862.

TRIAL BY THE COURT.—OMITTING TO FILE DECISION IN WRITING.

A motion to set aside the judgment in an action tried by the court, for irregularity, in that no decision in writing was filed, as required by § 267 of the Code, should not be granted without proof that no such decision was filed, or that such decision cannot be found after search. It should be presumed that the judge who tried the cause did his duty in that respect.

A judgment, in an action tried by the court, is not void by reason of the failure of the judge who tried the cause to file the decision in writing, contemplated by § 267 of the Code.

Where judgment has been entered in an action tried by the court, without the filing of any decision in writing, if there is no pretence of merits, and nothing to create suspicion that the action was not correctly decided, and upon competent and sufficient evidence, the omission to file a decision in writing should be disregarded, under § 176 of the Code, as not affecting the substantial rights of the adverse party.

Motion to set aside judgment for irregularity, and for leave to defend on the merits.

This was an action upon a promissory note of $2868.27, made by the defendants to the order of the plaintiff, expressing value received. The answer denied that the note was delivered for value: and averred that it was given upon the express condition or agreement that whether the note should take effect or not and be valid and have an inception, depended on realizing its amount from certain notes and leasehold property, for the purchase of an interest in which the note in suit was given. The answer also set up a counter-claim, to which a reply was interposed.

The cause came on for trial, in its order upon the calendar, and the defendant failing to appear, an inquest was taken before the court without a jury, and judgment rendered for the plaintiff for the amount claimed. Shortly before the expiration of a year from the entry of judgment, the defendant noticed the present motion, upon the judgment-roll and all papers and proceedings in the action, to set aside the judgment and execution. The irregularity specified in the notice of motion was, that no

decision in writing was given, made, or filed, pursuant to § 267 of the Code of Procedure, as amended in 1860. The defendant also asked leave to come in and defend upon the merits. No affidavits were served with the notice of motion. On the argument, the defendant produced a certified copy of the judgment-roll, which consisted of summons, proof of service, pleading, copy of the clerk's minutes, and postea.

*J. N. Lewis, Jr.*, for the motion.—I. The motion is made in time. 1. The application is based partly on the irregularity specified, and partly on the ground of favor, under § 174 of the Code. Such a motion may be made at any time within one year after notice of judgment. (*Code*, § 174; 3 *Rev. Stat.*, 5 ed., 637, § 2; 2 ed., 359.) 2. When a limited time is thus specified by statute, the court ought to allow the moving party the full benefit of the term, and not resort to the former practice of the courts to find an excuse for refusing relief. 3. An irregularity in a matter of substance may be set aside after the lapse of a year. (Harris *a.* Warren, 1 *How. Pr.*, 139; Dederick *a.* Richley, 19 *Wend.*, 108; Manufacturers & Mechanics' Bank *a.* Boyd, 3 *Den.*, 257; see Hallett *a.* Righters, 13 *How. Pr.*, 43; also, Lucas *a.* Second Baptist Church, 4 *Ib.*, 353.) The error here specified is substantial. The judgment was entered without lawful authority. 4. In this case, notice of the entry of judgment was served on the 22d day of January, 1861, and the notice of this motion was served on the 21st day of January, 1862. Relief was granted in Thomas *a.* Tanner (14 *How. Pr.*, 426), after the lapse of several months; and in Peck *a.* Yorks (14 *How. Pr.*, 416), after a lapse of more than two years. This latter case was a motion to set aside the report of referees, which is precisely analogous to the decision of a judge. 5. The irregularity is in the *judgment* and not in the *decision*, for there is none, and the motion may be made after judgment is entered. (Thomas *a.* Tanner, 14 *How. Pr.*, 426; Doke *a.* Peek, 1 *Code R.*, 54; Burger *a.* Baker, 4 *Abbotts' Pr.*, 11.) Indeed it could not well be made before notice of judgment, when, as in this case, no decision has been made in any form. In the cases in which the motion was made before judgment, there were written decisions, which were defective only in omitting to find the facts. 6. The defendant could not know of the existence of the

defect here specified, until the judgment-roll was made up, inasmuch as the judge was not required to file any decision until twenty days after the trial. (*Code*, § 267.) And no one can waive, by delay or otherwise, a defect which he does not know to exist. (Delaplaine *a.* Hitchcock, 6 *Hill*, 14.) The decisions in relation to negotiable instruments established this proposition. (Tebbetts *a.* Dowd, 23 *Wend.*, 379; Jones *a.* Savage, 6 *Ib.*, 658; Trimble *a.* Thorne, 16 *Johns.*, 152; Crain *a.* Colwell, 8 *Ib.*, 384.)

II. The motion should be granted on the merits. The action was tried by the court, without a jury, subsequent to the amendments to the Code, passed in 1860. The issue was one of fact. The judge gave no decision in writing. The clerk's entry of judgment on the minutes does not contain any conclusions of fact or of law.

III. The decision of a judge, and the report of a referee on whole issues, are precisely analogous in character. They differ in name only, not in effect. (Dana *a.* Howe, 13 *N. Y.*, 306; Johnson *a.* Whitlock, *Ib.*, 344; Thomas *a.* Tanner, 14 *How. Pr.*, 426; see Doke *a.* Peek, 1 *Code R.*, 54.) Cases are here cited, which arose upon the reports of referees. They are equally applicable to the decision of a cause tried by the court. Sundry remarks in the Court of Appeals, which recognize a distinction between the form of a judge's decision and that of a referee's report, are entirely superseded by section 267 of the Code, as amended in 1860, since those remarks were made.

IV. The Code (§ 267) expressly requires that the decision of the court shall be given in writing. 1. The judge cannot delegate his authority to decide the case to the clerk. This needs no argument. But neither can he delegate any power which is not purely mechanical. (See Newton *a.* Bronson, 13 *N. Y.*, 587; also Hawley *a.* James, 5 *Paige*, 487; Berger *a.* Duff, 4 *Johns. Ch.*, 368; Macdonald *a.* Garrison, 9 *Abbotts' Pr.*, 34; Powell *a.* Tuttle, 3 *N. Y.*, 396; Olmsted *a.* Elder, 5 *Ib.*, 144; Pell *a.* Ulmar, 18 *Ib.*, 139.) No doubt he might dictate his decision to the clerk, but he must so do it as to make it his act, and not the clerk's, even as his agent. Macdonald *a.* Garrison (9 *Abbotts' Pr.*, 34) proceeds on this distinction. The judge must sign the decision. (Thomas *a.* Tanner, 14 *How. Pr.*, 426.) 2. But if the judge had power to depute the clerk to make up

his decision, yet this judgment is insufficient. There must be a distinct decision on a piece of paper, which can be inserted in the judgment-roll. (Thomas *a.* Tanner, 14 *How. Pr.*, 426; Burger *a.* Baker, 4 *Abbotts' Pr.*, 11; see Sutter *a.* Streit, 21 *Mo.*, 157; also Ragan *a.* McCoy, 26 *Ib.*, 166; Bates *a.* Bower, 17 *Ib.*, 550; Russell *a.* Armador, 2 *Cal.*, 305.) The *opinion* of the judge—if it had been inserted, as it is not—would not supply the place of his written *decision*. (*Ct. of Appeals*, Mills *a.* Thursby, 12 *How. Pr.*, 417; Thomas *a.* Tanner, 14 *Ib.*, 426; see Magie *a.* Baker, 14 *N. Y.*, 435.) The decision is not signed by the judge, nor even by the clerk in the judge's name. His decision can only appear by his signature or *allocatur*. (Thomas *a.* Tanner, 14 *How. Pr.*, 426.) An oral direction to enter judgment, is not sufficient. There must be an authenticated decision, made by the judge in writing. (Sands *a.* Church, 6 *N. Y.*, 347; Burger *a.* Baker, 4 *Abbotts' Pr.*, 11; Russell *a.* Armador, 2 *Cal.*, 305; see Mucklethwaite *a.* Weiser, 1 *Code R.*, 61.) 3. The want of this decision renders the judgment irregular. (Thomas *a.* Tanner, 14 *How. Pr.*, 426; Sands *a.* Church, 6 *N. Y.*, 347; Burger *a.* Baker, 4 *Abbotts' Pr.*, 11.)

V. But if this decision of the clerk could be regarded as the decision of the judge,—which we cannot for a moment admit,—yet it is plainly irregular, for want of a separate statement of the facts found, and the conclusions of law. (*Code*, § 267; Hulce *a.* Sherman, 13 *How. Pr.*, 411; Church *a.* Erben, 4 *Sandf.*, 691; Peck *a.* Yorks, 14 *How. Pr.*, 416; Snook *a.* Fries, 19 *Barb.*, 313; Doke *a.* Peek, 1 *Code R.*, 54; Deming *a.* Post, *Ib.*, 121; Mucklethwaite *a.* Weiser, *Ib.*, 61.) So held in England (although the statute on the subject is far from being as explicit as the Code), that a report must expressly determine all the issues, and not merely give a general award. (Holland *a.* Judd, 3 *C. B.* (*N. S.*), 826; Bourke *a.* Lloyd, 2 *Dowl. Pr.*, 452.) In Missouri, under a provision very like that of our Code, a decision finding no facts is held bad, by the court of last resort. (Ragan *a.* McCoy, 26 *Mo.*, 166; Marmaduke *a.* McMasters, 24 *Ib.*, 51; Sutter *a.* Streit, 21 *Ib.*, 157; Downing *a.* Boulier, *Ib.*, 149.)

VI. Not only is the report of the referee, or the decision of the judge irregular, but the judgment itself is also irregular, for want of due evidence of authority to enter the same. (Thomas

Lewis *a.* Jones.

*a.* Tanner, 14 *How. Pr.*, 426; Doke *a.* Peek, 1 *Code R.*, 54; Deming *a.* Post, *Ib.*, 121; Burger *a.* Baker, 4 *Abbotts' Pr.*, 11; see Ragan *a.* McCoy, 26 *Mo.*, 166, and cases cited *supra.*) There was in this case no authority in fact to enter judgment, and a judgment entered even by the proper officer, without authority, is void. (Stearns *a.* Aguirar, 7 *Cal.*, 443, 449; see Hughes *a.* Wood, 5 *Duer*, 603, *note.*) The case is really the same as if the action had been tried by a jury, and judgment rendered without a verdict; or, as if one of the jurymen had sent a slip of paper, containing a verdict, to the clerk, after leaving the court, and without any signature. (Russell *a.* Armador, 2 *Cal.*, 305.)

VII. A defect of this kind is properly to be reached by *motion*, and not by appeal. (Hulce *a.* Sherman, 13 *How. Pr.*, 411; Matthews *a.* The Mayor, &c., *Supreme Ct.*, *Gen. Term;* see Church *a.* Erben, 4 *Sandf.*, 691; also Peck *a.* Yorks, 14 *How. Pr.*, 416; Snook *a.* Fries, 19 *Barb.*, 313; Goulard *a.* Castillon, 12 *Ib.*, 126; overruling Lakin *a.* N. Y. & Erie R. R. Co., 11 *How. Pr.*, 412.) And such was the procedure in Thomas *a.* Tanner (14 *How. Pr.*, 426), and in Burger *a.* Baker (4 *Abbotts' Pr.*, 11). In Missouri a different view is taken, and a judgment thus erroneous is reversible on appeal. (Ragan *a.* McCoy, 26 *Mo.*, 166, and cases cited *supra.*) So also in California. (Russell *a.* Armador, 2 *Cal.*, 305.) But this only shows how seriously the error is regarded in those States. No doubt it would also be corrected on motion there. (Bates *a.* Bower, 17 *Mo.*, 550.)

VIII. The judgment should be set aside as irregular, and not merely amended; this being a case in which, by mistake or inattention of his attorneys, the defendant has lost his right to appeal. (Thomas *a.* Tanner, 14 *How. Pr.*, 426; see Hughes *a.* Wood, 5 *Duer*, 603, *note.*)

*Cambreleng & Pyne*, opposed.

Bosworth, Ch. J.—The defendant neither makes an affidavit of merits, nor attempts to excuse his laches in not moving at an earlier day.

There is no affidavit that the judge did not file a decision in proper form. In the absence of such an affidavit, or of proof,

that search has been made and that no decision on file can be found, I think I should presume that he did his duty. The judgment is not void. The record shows that the action was tried before the court, that enough of facts were found to authorize the judgment ordered and entered. It is not void. (Sands a. Church, 2 Seld., 347.) There being no pretence of merits, and there being nothing to create a suspicion that the action was not correctly decided, upon sufficient and competent evidence, and the time to appeal having expired, the omission to file a decision in writing is a defect which cannot "affect the substantial rights of the adverse party" (Code, § 176), and should be disregarded.

I think the motion should be denied, with $7 costs: but with liberty to the plaintiff to insert in his record the decision of the judge, if he made one in writing and filed it; and if he did not, to procure one to be made and filed within ten days, nunc pro tunc, and to be inserted in the record. If the plaintiff amends his record, this motion is denied, without costs.

---

## SANBORN a. THE ELIZABETHPORT MANUFACTUR-ING COMPANY.

*Supreme Court, First District; At Chambers, November,* 1861.

### DISCHARGE OF ATTACHMENT.

An application by a defendant, under sections 240 and 241 of the Code, for the discharge of an attachment issued as a provisional remedy, is purely *ex parte*.

If the judge has directed that the plaintiff have notice of the application, and the applicant fails to appear at the time specified, the judge cannot dismiss the application with costs.

Motion to vacate an order, dismissing an application under section 240 of the Code.

In this action an attachment was issued against the property of the defendants, as a foreign corporation, which was levied on