## NEW YORK COMMON PLEAS.

THE MAYOR, &c. OF NEW YORK agt. CHARLES V. LYONS and WM. H. CHARLOCK.

In an action on a *constable's bond,* in the city of New York, the plaintiff is *irregular* to enter up a *general judgment* for the sum mentioned in his complaint, where the defendants' answer has been adjudged frivolous.

He should enter up judgment for the *penalty of the bond,* and then move this court, under the act of 1813, for an order directing so much money to be levied upon the judgment as shall be sufficient to pay the plaintiff his debt or damages recovered, with costs.

If the defendants *appeal* to the general term, from such an irregular judgment, they *waive the irregularity;* and if judgment is given against them on the appeal, they cannot afterwards move to have the judgment set aside for the irregularity.

An error in the mode of entering up a judgment cannot be reviewed on appeal.

But the defendants, having lost the right to move, upon the ground of irregularity, to set aside the judgment, cannot complain of an order of the court directing that the judgment be *entered up properly;* that other suitors, if any there should be, may be enabled to have the amounts recovered by them levied under this judgment in the way in which the statute provides.

*General Term, January,* 1863.

DALY, BRADY and HILTON, *Judges.*

APPEAL from judgment at special term.

By the court, DALY, F. J.    This judgment was undoubtedly irregular.    The condition of the bond upon which the action was brought was, that the defendant Lyons would well and faithfully execute the office of constable ; and the mode of proceeding in an action upon bonds of this nature is regulated in part by the 147th section of the act to reduce several laws relating to the city of New York, into one act, (*Rev. Laws of* 1813, *p.* 396,) and in part by art. 2, title 4, chap. 6, part 3 of the Revised Statutes, pointing out the mode of proceeding in action upon bonds for the performance of covenants.    It is not, in the sense of the fifth section of the article referred to in the Revised Statutes, a bond for the payment of money.    The description of bond there meant is for the payment of money in gross,

the amount and the time for the payment of which is fixed by the condition of the bond, and in which no assessment of damages is necessary, as nothing remains but to compute the amount of interest, which may be ascertained by the clerk, (*Graham's Pr.*, 803, 2d ed.;) but it comes under the general class there referred to, in which the plaintiff must set out in his complaint the specific breaches for which the action is brought. This article in the Revised Statutes is not repealed; the only modification that it has undergone being the provision of the Code which allows the court to take the proof, or to order a reference to ascertain the damages, when a judgment is taken in an action upon such a bond by default.

The 147th section of the act of 1813 declares that where a recovery is had against a constable by a party aggrieved through the officer's default or misconduct, that such party may obtain an order in this court that the bond be put in suit, and if judgment is recovered, the act directs that this court shall, upon motion, direct so much money to be levied upon the judgment as shall be sufficient to pay the party the debt or damages so recovered, with costs to be paid to the party aggrieved. If there has been an appearance in the cause, this motion must be made upon notice to the opposite party, (*King* agt. *Stafford*, 5 *How.*, 30;) and since the Code, (§ 246,) the court, instead of directing an assessment, as was formerly the practice, or a reference, may hear the proof in the recovery of the judgment against the officer, and if satisfied of the fact, make the order provided for in the act referred to. Instead of doing this, the plaintiff, upon its being adjudged that the answer was frivolous, took a general judgment for the sum mentioned in his complaint, which was erroneous. He should have entered up judgment for the penalty of the bond, and then moved the court for the order provided for by the act of 1813.

But although the mode in which the judgment was entered was irregular, the defendants waived the irregularity

by appealing from the judgment to the general term ; and judgment having been given against them on the appeal, they could not afterwards move to have the judgment set aside for irregularity.    It is a general and long-established rule, in all applications to set aside proceedings for irregularity, that the party complaining of it must make his application at the first opportunity after he has knowledge of the fact, and before any further proceedings have been had.    It is, said Lord KENYON, in *Pearson* agt. *Rauling*, (1 *East*, 77,) " the universal practice of the court, that when there has been an irregularity, if the party overlook it and take subsequent steps in the cause, he cannot afterwards revert back to the irregularity and object to it ;" and to the same effect are *D'Argent* agt. *Vivant*, (1 *East*, 330 ;) *Fox* agt. *Money*, (1 *Bos. & Pul.*, 250 ;) *The King* agt. *Perry*, (5 *T. R.*, 464 ;) *Petrie* agt. *White*, (4 *id.* 10.)    At first it was questioned whether the rule was not confined to cases where the party complaining of the irregularity had taken some subsequent step, but in *Downs* agt. *Witherington*, (2 *Taun.*, 243,) it was held to apply equally, where the party, with knowledge of the irregularity, remained passive, and allowed the other party to take a subsequent step ; and in *Thorpe* agt. *Beer*, (2 *Barn. & Ald.*, 548,) as indicating the general policy of the courts upon the subject, it was held that, where a party moves for irregularity, he is bound to state every irregularity of which he wishes to take advantage, and is considered to have waived all those which he does not state at the time.    The principle of this rule applies equally, whether the motion is made before or after judgment.    In *Jones* agt. *Dunning*, (2 *John. C.*, 74,) the defendant moved after judgment, and the court denied the application upon the ground that they had suffered two terms of the court to go by, when it was to be presumed that they had notice of the proceedings against them ; and to the same effect are, *Sharp* agt. *Pell*, (10 *John.*, 497 ;) *Rowan* agt. *Lytle*, (4 *Cow.*, 91 ;) *Graham's Practice*, (702,

2d ed.) The defendants in the present case knew of the irregularity, as they appealed from the judgment; and if they wished to avail themselves of it, they should have moved to set the judgment aside, instead of taking an appeal from the order directing the entry of the judgment, and from the judgment. The error in the mode of entering up the judgment could not be reviewed upon appeal. *Whitehead* agt. *Allen*, (28 *Barb.*, 661 ;) *King* agt. *Stafford*, (5 *How.*, 30.) The appeal, therefore, must have been brought upon other grounds, or for delay ; and it is not to be tolerated that a party, knowing that the judgment is irregularly entered up, shall be at liberty to appeal from it to the general term ; and if he fails there, go to the court of appeals ; and ultimately failing to get the judgment reversed, be permitted to do then, what he ought to have done in the beginning without putting the other party to the expense and trouble of the appeal ;· that is, to move the court to set the judgment aside as irregularly entered. It may be said that as the error consists in the way in which the judgment was entered, that the court ought, for the benefit of other parties who may recover judgment against the same officer, see that it is properly entered up for the penalty. We do not know that any other parties will have occasion to bring suits against this officer, and we can see that no injustice has been done, as this judgment is for the amount which the party would in any event be entitled to ; or, as was done in *Martin* agt. *Lott*, (4 *Abb. R.*, 365,) the defendants' application could have been denied, with costs, upon the ground that they had lost the right to make it ; and for the benefit of other parties, should any recover judgments against the officer for official misconduct, and that the defendants may not be made liable in any event beyond the penal limits of their bond, the plaintiff could, and under the circumstances should, have been permitted to amend his judgment by entering it up for the penalty, with a further judgment that he have exe-

cution for the amount recovered against the officer, and costs.

The order appealed from should, in my opinion, be modified to that effect. The defendants having lost the right to move, upon the ground of irregularity, cannot complain of an order directing that the judgment be entered up properly; that other suitors, if any there should be, may be enabled to have the amounts recovered by them levied under this judgment in the way in which the statute provides. (*Davies' Laws*, 549.)