# SUPREME COURT.

## JOHN C. SHULTS agt. SAMUEL N. ANDREWS.

*Supplementary proceedings — irregularity of order for examination of judgment debtor — sec. 292, Code of Procedure.*

An order for the examination of a judgment debtor in supplementary proceedings, which does not specify before whom subsequent proceedings should be had, as required by section 292 of the Code, is irregular, and will be set aside.

*Special Term, December,* 1877.

On the 27th of December, 1877, an order was granted by justice HARDIN for the examination of the defendant before a referee in supplementary proceedings. That order was personally served, and the defendant was required to appear and be examined the next day. Subsequently, an order was granted by the same justice for the plaintiff to show cause why the first order made should not be set aside and vacated for irregularity. (1.) That there was no clause in the order specifying before whom subsequent proceedings were to be had. (2.) That the defendant was, at the time of the service of the order, privileged from being served with process, as he had come from the state of Kansas to attend, as a witness, upon the trial of causes in the supreme court of this state.

*E. E. Sheldon,* for motion.

*P. H. McEvoy,* for plaintiff, opposed.

HARDIN, *J.* — Section 292 of the Code provides that after an execution has been returned " the judgment creditor, at any time after such return made, is entitled to an order from a judge of the court." Thus jurisdiction to grant an order

Shults agt. Andrews.

is conferred. Then follows a further provision in respect to the practice in procuring orders. It is in these words : " But, in case of an order made by a justice of the supreme court, all subsequent proceedings shall be had before some justice in the judicial district where the judgment debtor resides, to be specified in the order." This clause contains a limitation in respect to the jurisdiction of justices who grant such orders. (1.) They can grant the order in any part of the state for the examination of the debtor.   (2.) He may be required to appear before the justice who grants the order, if the debtor is, or resides, in the county where the judgment debtor is or resides.   (3.) The debtor may be required to appear before a referee who resides in the county, or holds his hearing in the county where the debtor is or resides.   (4.) But debtors are not required to appear in subsequent proceedings before a justice residing out of the judicial district in which the debtor resides.   The right to order him to appear in subsequent proceedings out of the district is taken away.   The provision also requires the order to specify " *some justice in the judicial district where the judgment debtor resides.*" Such specification is imposed by the statute.   While its omission does not render void the order, or deprive the justice who granted the order of jurisdiction, it is an irregularity which can be taken advantage of like all others, if promptly raised and insisted upon.   Irregularities may be waived by laches, or by taking steps in disregard of them.   In the case of *Reddy* agt. *Halling*, referred to by counsel, I held that the objection had not been promptly taken ; as it was not taken or stated until the party appeared for the appointment of a receiver, being then too late, it was overruled ; not so here, as it was taken promptly, and it must be held well taken. This conclusion supersedes the necessity of examining the other ground urged upon the argument, and is not therefore, passed upon.

The order must be set aside for irregularity, with ten dollars costs.