WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—March, 1887.

HOOD *v.* HOOD.

*In the matter of the estate of* ANDREW HOOD, *deceased.*

After a decree of a Surrogate's court has been sustained on appeal by the
Court of Appeals, a motion made in the former tribunal, to vacate such
decree, on the ground of irregularity in its entry, e. *g.*, because no find-
ings of fact and conclusions of law were filed, will be denied. A mo-
tion of such a character must, at any rate, be made within the year
specified in Code Civ. Pro., § 724.

As to whether Code Civ. Pro., § 1282, relating to a motion to set aside a
judgment for irregularity, is applicable to decrees of Surrogates' courts
—*quœre.*

The testator died in 1864. An accounting was had
by the executors, Frederick Hood and Maria L. Hood,
before the Surrogate, in 1869. In 1883, the letters
issued to Frederick Hood were revoked because of his
having squandered and lost a great portion of the es-
tate, in which Mrs. Hood had a large personal inter-
est. Frederick Hood, being a non-resident of the
State, when letters were first issued to him, gave the
bond with sureties, which the statute then required
in such cases. In 1885, he was cited to render his
account, in which proceeding was entered a decree, in
July of that year, directing him to pay to the ex-
ecutrix $31,775 of moneys belonging to the estate.
The bond was subsequently assigned for prosecution.
An appeal was taken from the decree on the account-
ing to the Supreme court, which affirmed it. An ap-
peal was then taken to the Court of Appeals, with a
like result. A motion was now made in this court to

HOOD V. HOOD.

vacate and set aside said decree, upon the ground that it was improvidently and irregularly made, because no findings of fact and conclusions of law were filed.

A. J. DITTENHOEFER, *for the motion.*

JOHN J. MACKLIN, *opposed.*

THE SURROGATE.—It is difficult to conceive the object of this motion, except it be to throw further obstacles in the way of the recovery, by the widow and children, of the property justly belonging to them, and needed for their support. Their efforts in this direction have, for nearly ten years past, been constantly baffled. The decree complained of was affirmed by the Supreme court, and now it has become, by affirmance, in effect, the solemn judgment of our highest tribunal. It would seem an act of unjustifiable hardihood for this court to disturb it, in any manner. All that remains to it, is to enforce the decree. That the failure to file findings is not fatal to the validity of the decree is abundantly apparent from the opinion of the learned Judge who ably expressed the views of the Court of Appeals. He says : " His " (Frederick Hood's) " own counsel suggests the absence of requisite findings, insisting that, for such cause, the decree is irregular. *That does not follow.* It is the *duty of the party appealing* to procure to be made such findings or refusals as will present, through appropriate exceptions, the questions which he desires to argue." The appellant in that case never submitted any proposed findings, nor did he, as he might have done, present any requests to find, on the settlement of the case. It is, therefore, his own fault or negli-

gence, of which he here seeks to take advantage.     This cannot be permitted.

The Supreme court, as in the case of Waldo v. Waldo (32 *Hun*, 251), might, perhaps, have sent the case back to the Surrogate, in order that the irregularity might be cured, but it did not ; and the appellant chose to proceed with it, as it stood, to the court of last resort.     In that court, an application was made for leave to make a motion for an order remitting the matter to the Surrogate, with a view to his filing findings, which application was denied.     That the failure to file findings is a mere irregularity which does not affect the validity of the judgment, is likewise determined in the case of Lewis v. Jones (13 *Abb. Pr.*, 427).     It was also held, in Mayor v. Lyons (1 *Daly*, 296), that an irregularity in the mode of entering a judgment is waived by an appeal from the judgment.

None of the authorities, to which I am referred by the learned counsel for the motion, seem to be in point in the matter under consideration.

No careful attention has been given to the question as to whether this motion has been made in time, under the provisions of the Code, but I am inclined to think it is too late.     If § 1282 is not made applicable to Surrogates' courts, § 724 is.     By the latter section, the motion must be made, within a year, for such relief as the section provides.     However that may be, there seem to be no merits in the motion, for the reasons stated.

Motion denied, with ten dollars costs.