Dwight, J.
-—The attorneys in this case have become involved in a number of questions of practice, some of which it will not be necessary to consider on these appeals.
It is objected to the first appeal that the judgment in question was rendered on the appellant’s default of an answer, and therefrom. That under section 1294 of the Code of Civil Procedure, the appeal does not lie. It is true that the final judgment was rendered on the defendant’s failure to answer; but an interlocutory judgment had been entered on.the determination of an issue of law, joined by the defendant’s demurrer to the complaint, and leave to answer had been granted on condition of withdrawal of the demurrer and payment of costs. The question arises whether failure to answer, in such case, constitutes a default within the meaning of the provision of the Code above referred to. Section 1294 (supra).
We do not think it necessary to consider that question, *617 in this case, in view of the conclusion reached on the second appeal herein.
The second appeal is from the order denying the defendant’s motion to set aside the final judgment for irregularity. To this appeal it is objected that the defendant’s right to it was waived by his previous appeal from the judgment. We think not. Had the defendant appealed from the judgment before moving to set it aside, the appeal would probably have been a waiver of the motion. Mayor v. Lyons, 24 How. Pr., 280. But such was not the case. The defendant first moved to set aside the judgment, and his motion was denied. Then, on successive days, he appealed from the judgment and from the order. The respondent contends that the appeal from the judgment did not lie; but, if it was well taken, we do not think the doctrine of waiver can be carried so far as to hold that by appealing from one adjudication, he was precluded from appealing from the other, and we know of no case to that effect.
The principal irregularity, pointed out by the notice of motion, was that the final judgment had been entered without being settled, as directed by the interlocutory judgment. This objection was well made, and must be fatal to the judgment entered.
The complaint was in equity, asking for divers and alternative relief, and there was especial necessity that the provisions of the final judgment should be settled by a judge or a referee, to be appointed for that purpose, as might be required under section 1231 of the Code. Accordingly, and with evident reference to the provisions of the section, the interlocutory judgment directed that the final judgment should be settled “by this court.” This direction must be considered either as equivalent to or as a substitute for that permitted by section 1231. In either case, it was not to be disregarded. It was entirely competent for the court to make the direction contained in the interlocutory judgment, independently of the permission of section 1231. The direction mentioned in that section is “that the final judgment be settled by a judge or a referee,” and the section provides that, when that direction is given, “final judgment shall not be entered until a settlement thereof, signed by the judge or referee, is filed.”
No settlement was filed or made in this case. The mere direction contained in the order of the Erie special term of May 23, 1877, “ that plaintiffs enter final judgment within ten days from this date,” etc., cannot be regarded as in any manner a compliance with the requirement, either of the interlocutory judgment or of the statute in respect to a settlement of the provisions of the final judgment.
*618 For the manifest irregularity of entering the final judgment without such settlement, that judgment should have been set aside, and the order denying the defendant’s motion to that effect must be reversed.
The order appealed from reversed, and the motion to set aside the judgment granted, with costs of the motion and of this appeal.
All concur, except Haight, J., not sitting.