### MARSHALL *v.* LINK.

*(Supreme Court, General Term, Third Department.　February 18, 1891.)*

SUPPLEMENTARY PROCEEDINGS—SECOND EXAMINATION.

　　An order for a second examination of a judgment debtor in proceedings supplementary to execution will not be set aside when the order was obtained to reach

property which had come to the possession of the debtor since the prior examination, and not for the purpose of harassing him; and that fact may be shown by the creditor on the motion to vacate, as it is not jurisdictional.

Appeal from special term, Columbia county.

Action by Matthew Marshall against Daniel H. Link. Defendant appeals from an order refusing to vacate an order for his second examination in supplementary proceedings in aid of an execution.

· Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Cady & Hoysradt,* for appellant. *E. F. McCormick,* (*L. Royce Tilden,* of counsel,) for respondent.

LEARNED, P. J. The principle that a second order for examination in proceedings supplementary shall not be granted, unless good reason therefor be shown, is not jurisdictional. · It is only to prevent the unreasonable harassing of a defendant. Therefore, on the motion to set aside the second order in this case, it was not improper for the plaintiff to show more strongly than had appeared on the *ex parte* application that the proceeding was not taken to harass the defendant, but with good reason, and to reach property which had come to the defendant since the prior examination. The jurisdictional facts in these applications, under section 2435, Code Civil Proc., are the recovery of the judgment, and the issue and return of the execution. On the hearing of the motion to vacate the second order for examination, the learned justice could decide whether the application for that order had been made in good faith or with evil intent, and he could grant or refuse the motion, as he thought best. We see no ground to interfere with his discretion. The first order and examination discovered a sum of $241.95 payable to defendant, but which the court decided could not be reached by those proceedings. The sum was in the hands of the county treasurer. Afterwards it was paid to the defendant. And this second order was obtained, as it seems, in order to reach that money which had thus come into the actual possession and ownership of the defendant. We think the order was properly granted, and that the refusal to vacate it was right. Order affirmed, with $10 costs and printing disbursements. All concur. ,