as owners of this particular lot of land ascertained. Upon the proceeding before the commissioners it appeared that they had no title to that particular lot of land; and I think that the commissioners had no jurisdiction then to proceed, and make an award in relation to a lot of land not described in the petition, and as to which no claim had been presented. I think, therefore, that the action of the commissioners should be reversed.

(30 App. Div. 374.)

NEW YORK MAIL & NEWSPAPER TRANSP. CO. v. SHEA et al.

(Supreme Court, Appellate Division, Second Department.    May 24, 1898.)

1. INJUNCTION—APPEAL—STAY.
   A valid injunction order, which explicitly prohibits a city official from interfering with or obstructing the plaintiff in proceeding with acts authorized by a contract with the municipal authorities, is of affirmative prohibitive force, and executes itself, and an appeal therefrom does not, by itself, operate as a stay.

2. SAME—VIOLATION—ADVICE OF COUNSEL.
   Although the fact that a city official who has been enjoined from interfering with certain acts of the plaintiff acts under the advice of the corporation counsel in violating its terms, under an honest belief that an appeal therefrom acts as a stay, does not justify his contempt, it does palliate the offense, and is of importance in determining the amount of the fine to be imposed.

Appeal from special term, Kings county.

Action by the New York Mail & Newspaper Transportation Company against John L. Shea, individually, and as commissioner of bridges of the city of New York. From an order (49 N. Y. Supp. 951) denying plaintiff's application to punish said defendant and others for contempt for violating an injunction order, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Selden Bacon, for appellant.
Almet F. Jenks, for respondents.

HATCH, J.    The injunction in terms prohibited the defendant Shea, individually and as commissioner of bridges of the city of New York, and all persons acting under his direction, from interfering with or obstructing the plaintiff in laying down its tubes and constructing its pneumatic tubes through, over, and across the New York & Brooklyn Bridge, and approaches thereto, in accordance with its contract authorizing them so to do, as described in the complaint in the action. It is quite apparent, therefore, that the injunction is of affirmative prohibitive force, and executes itself. It is not denied but that the defendant Shea and other persons, acting under his orders, after full notice of the injunction order, interfered with and prevented the plaintiff from prosecuting the work, and in so doing violated the same. The answer which the defendants make is that immediately upon the granting of the injunction order an appeal was taken, which operated as a stay of the injunction order, and there-

fore justified the defendants in refusing to permit the plaintiff to proceed with the work. So far as this question is concerned, we are of opinion that the defendant Shea, as the head of the department of bridges, is to be regarded as representing the municipal corporation in such sense as to fall within the provisions of section 1314 of the Code of Civil Procedure, and upon service of a notice of appeal the same would operate as a stay of the order appealed from without an undertaking or other security. People v. Daly, 75 Hun, 186, 27 N. Y. Supp. 283. The steps, therefore, to procure a stay, were regular, and the appeal was sufficient to stay, if an appeal could operate as a stay of such an order. Upon this subject we are of opinion that it did not so operate. Sixth Ave. R. Co. v. Gilbert El. R. Co., 71 N. Y. 430, where the court held that an appeal did not affect the validity or effect of the judgment appealed from, so far as it restrained the action of the defendant; and he was not absolved from the duty of obedience to the mandate of the judgment. This rule is firmly established. Genet v. Canal Co., 113 N. Y. 472, 21 N. E. 390; People v. Canvassers, 74 Hun, 179, 26 N. Y. Supp. 345; Power v. Village of Athens, 19 Hun, 165. As we have seen, the injunction order in this case was prohibitive. It operated of its own force, and needed no other process to enforce it. The foregoing cases have, therefore, precise application, and control the rule which must be applied. The defendants could in no wise violate the injunction order without rendering themselves liable to punishment as for a contempt unless it was absolutely void (Daly v. Amberg, 126 N. Y. 490, 27 N. E. 1038), and this is not claimed. They were, therefore, guilty of contempt in violating the injunction order, and the appeal therefrom furnished them with no legal protection. The defendants were not without a sufficient remedy. They could have applied to a court or judge for a stay of the operation of the injunction, pending an appeal from the same. Under the circumstances of this case there is every reason to believe that such an application would have met with the favor of the court. It is apparent, however, that the defendants acted in good faith in what they did. The defendant Shea, and all others save the defendant Butts, acted under the advice of counsel, and supposed that they had authority for what they did. Butts was the assistant corporation counsel who gave the advice, and he acted upon an examination of the law, and in the full belief that his construction of the code provision in respect of the effect of the appeal was correct. It therefore clearly appears that there was no willful intent to violate the injunction order. It is also to be observed in this connection that the defendant Shea had in good faith doubted the right of the plaintiff to go upon the bridge and lay its tubes and prosecute its work, and there is no reason to believe but that he took such steps as would assure himself of the legal rights of the plaintiff, and his duty in the premises. He was advised by the legal adviser of the city that the plaintiff had no rights thereon. Upon receiving this advice, it became his duty to prevent the plaintiff from prosecuting the work, as his obligation was to protect the structure, and prevent interference. When the injunction was served, he should have obeyed it, but he was again advised that this was

inoperative by reason of the appeal. While good faith, existing conditions, and advice of counsel are no answer to this proceeding to punish for contempt in violating the injunction order, yet such facts may properly be taken into consideration when inflicting a penalty for a breach of the order. Advice of counsel, "though it does not justify, it does palliate," said Folger, J., in Railway Co. v. Ramsey, 45 N. Y. 637; 2 High, Inj. § 1418. It follows, therefore, that the defendants should not be punished by way of fine for their acts, except so far as is necessary to make compensation to the plaintiff for actual loss. Sullivan v. Judah, 4 Paige, 444; Power v. Village of Athens, supra. So far as there is anything definite upon this subject in the moving papers, it is contained in the affidavit of the attorney for the plaintiff, who states that the plaintiff has become obligated to his firm in the contempt proceedings and for printing disbursements in a sum exceeding $350, and that said services and disbursements are reasonably worth said sum. There are some other general and vague statements of loss sustained by reason of failure to complete the work and fulfill certain contracts with the government. In view, however, of the peculiar conditions surrounding the right to make use of the bridge structure for this purpose, and of the authority of the trustees to grant such right, and the peculiar relation which the defendant Shea occupies to such structure, and his public obligation in that connection, we think that this element ought not to enter into consideration in fixing the amount of loss. The plaintiff should be awarded for such disbursements as it has made and for expenses incurred. We do not think, under all the circumstances of the case, that a counsel fee should be allowed, and the award for expenses and disbursements must be confined strictly to the contempt proceedings. Power v. Village of Athens, supra. It is to be understood that this decision, so far as it relates to the penalty imposed, rests upon the particular facts of this case, and is governed solely by them.

The order should be reversed, with $10 costs and disbursements, and the motion should be granted, with $10 costs. The proceeding will be remitted to the special term to fix the loss sustained in accordance with this opinion. All concur.