## LEWIS v. BEACH.

(Supreme Court, Special Term, Steuben County. August 21, 1908.)

1. EXECUTION — SUPPLEMENTARY PROCEEDINGS — JURISDICTION — RESIDENCE OF DEBTOR—EVIDENCE.

On motion to set aside an order in supplementary proceedings requiring a judgment debtor to appear for examination, the judgment having been recovered and a transcript thereof filed in A. county in June, 1907, the evidence showed that the debtor's family resided at his residence in A. county, and that he frequently visited them there, although he was engaged in business elsewhere, and that he was a regularly registered voter in that county from the years 1902 to 1907, and had voted at general elections therein for the years 1904 and 1906, long after he claimed to have become a permanent resident of another county. *Held*, that he was, at and prior to the recovery of the judgment, and still continued to be, a resident of A. county, and hence could be compelled to appear for examination in that county.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1098.]

2. SAME—PROCEEDINGS—ORDER FOR EXAMINATION—AUTHORITY TO ISSUE.

Under Code Civ. Proc. § 2434, providing that proceedings for examination of a judgment debtor may be instituted before a judge of the court out of which the execution was issued, a justice of the Supreme Court in one judicial district had authority to issue an order requiring a judgment debtor in a judgment of that court, to appear for examination in such proceeding before a referee in a county in another judicial district, to which county execution was issued, and in which the debtor resides.

3. SAME—REFERENCE—ORDER OF REFERENCE—RETURN OF EVIDENCE—WAIVER OF OBJECTION.

An order made by a justice of the Supreme Court in one judicial district, requiring a judgment debtor to appear for examination before a referee in a county in another judicial district, provided that the referee should certify and return to the judge to whom the order was returnable all of the evidence taken before him, but did not name the judge to whom the order should be returnable. The debtor appeared before the referee and objected to the proceeding solely on the ground that he did not reside in A. county, making no objection to the form of the order; nor was any objection made thereto in the papers on motion to set aside the order. *Held*, that the failure to specify the justice before whom the evidence was returnable was merely an irregularity and did not deprive the court of jurisdiction to make the order, and the debtor, not having raised the objection before the referee or in his moving papers, must be deemed to have waived it.

Action by Alphonso L. Lewis against J. L. Beach. Motion by defendant to set aside an order requiring him to appear for examination in supplementary proceedings. Motion denied.

Church & Church, for defendant.
William G. Kellogg, for plaintiff.

CLARK, J. Plaintiff recovered a judgment in the Supreme Court, Steuben county, against the defendant, and a transcript of that judgment was filed in Allegany county in June, 1907, and an execution was issued thereon and delivered to the sheriff of Allegany county, where it is claimed the defendant then resided, and the execution was returned wholly unsatisfied, whereupon on the 2d day of May, 1908, an order was made by a justice of the Supreme Court of the

Seventh judicial district, requiring the judgment debtor to appear for examination in supplementary proceedings before a referee named in said order at his office in Wellsville, Allegany county, N. Y., on the 24th day of June, 1908. On that day the judgment debtor appeared before the referee by his attorney, and asked that the examination be adjourned and held open in order to allow the judgment debtor to make a motion to have the order set aside on the ground that he was not, at the time of the commencement of this special proceeding, a resident of Allegany county, and that at the time of the commencement of said proceeding the judgment debtor did not have a place for the transaction of business in person in the county of Allegany. The attorney for the judgment creditor consented to such postponement, and this motion was made to set aside the order "on the ground that the judgment debtor was. not, at the time of the commencement of this special proceeding, a resident of the county of Allegany, state of New York, and at the time of the commencement of this special proceeding the judgment debtor did not have a place for the regular transaction of business in person in. the said county of Allegany and state of New York," and the moving papers assigned no other ground for setting aside said order. In support of this motion, the judgment debtor's affidavit is to the effect that since October, 1903, he has resided in the city of New York, but that prior to August, 1902, he resided at Alfred, Allegany county, and that since October, 1903, his permanent residence has been in the city of New York.

The judgment creditor files several affidavits to controvert the statements of the judgment debtor and I am perfectly satisfied that, at the time of the obtaining the judgment in question, the judgment debtor was, ever since has been, and now is, a resident of the county of Allegany. His family, consisting of his wife and two children reside at Alfred in the judgment debtor's residence, and where the debtor goes to see his family frequently; he being engaged in business elsewhere. The debtor is a regularly registered voter in Alfred, and the affidavits show that he was a registered voter in Alfred in the years 1902, 1903, 1904, 1905, 1906, and 1907, and that he actually voted in Alfred at the general elections in said town held for the years 1904 and 1906 and this is long after he testifies in his affidavit he had become a permanent resident of the city of New York. The overwhelming proofs by the affidavits filed show conclusively that the debtor is not, and has not been, a permanent resident of the city of New York; but, on the contrary, he is now, and at all times has been since the recovery of this judgment, and also prior thereto, a resident of Alfred, Allegany county, N. Y., where his wife and children reside in his house.

In the brief filed by the learned counsel for the judgment debtor, it is claimed that the order should be set aside, not only because the debtor was not a resident of Allegany county, but also because the order was granted by a justice of the Supreme Court of the Seventh judicial district, and that the order should have been made returnable to a justice of the Eighth judicial district. There is no doubt that the justice who granted this order had full authority to do so. Code Civ. Proc. § 2434. The order, among other things, provides that

the referee certify and return to the judge to whom the order was returnable all the evidence and the other proceedings taken before him; but it failed to name the justice or judge to whom the evidence should be returned. This undoubtedly should have been done, but it in no way affected the right of the justice to grant the order, and the omission to name the justice or judge to whom the referee should return the evidence, etc. was a mere irregularity which should have been promptly taken advantage of by the judgment debtor if he intended to raise the point at all, and that he did not do. On the contrary, he appeared by counsel before the referee when the order was returnable, and made no objection whatever to the form of the order, and made no mention of the fact that it omitted to state where subsequent proceedings were to be had; the only point raised being the allegation that the debtor did not reside or have a place of business in Allegany county. Moreover, even as late as the time when this motion was made, to wit, July 20, 1908, nearly a month after the debtor was required to appear before the referee for examination, no point was raised that the order was defective because of its not containing the name of the justice or judge before whom subsequent proceedings were to be had. That defect, if any, was a mere irregularity, and did not go to the jurisdiction of the court, and the debtor, having appeared by counsel before the referee, and not having raised the objection at the time, must be deemed to have waived it. Rumsey's Practice, vol. 1, p. 655. The omission to make subsequent proceedings returnable before a justice or judge in the Eighth judicial district did not render the order void, or deprive the justice who granted it of jurisdiction, and, if the debtor desired to take advantage of it, he should have raised the point promptly, which he did not do in this case. Shults v. Andrews, 54 How. Prac. 376. The judgment debtor, not having raised the point before the referee, and not having referred to it in his moving papers, must be deemed to have waived the irregularity in the order. Mayor, etc., v. Lyons, 24 How. Prac. 280. If the debtor expected to rely on that irregularity to set aside the order, he should have specified it in his notice of motion. Perkins v. Mead, 22 How. Prac. 476; Gen. Rules of Prac. No. 37. This he did not do. The point was never raised at all, either before the referee or in the moving papers, it merely having been suggested in the brief filed by counsel that the order was irregular, having been made by a justice of the Seventh judicial district, and not directing in terms that subsequent proceedings be had before a justice or judge in the Eighth judicial district.

The irregularity above referred to, not having been promptly raised, was waived by the judgment debtor, who was a resident of Allegany county, and not of New York City, and this application is therefore denied, with $10 costs.