SHANE BROS. & WILSON COMPANY, Respondent, *v.* JOHN HENSHAW, Appellant.

Second Department, November 2, 1916.

Debtor and creditor — right to second examination in supplementary proceedings — defective affidavits — contempt — amount of fine.

Where the affidavits upon an application for a second examination of a judgment debtor in supplementary proceedings do not purport to show any good reason for the examination, the order should be reversed and the application denied.

But such defect in the affidavits does not affect the jurisdiction of the court and the judgment debtor may be fined for a contempt if he disregards the order, although he acted upon the advice of counsel and subsequently succeeded in having the order vacated.

Under such circumstances, however, the debtor should be fined only to the extent of reimbursement of his creditor for the costs and expenses of the second application.

APPEAL by the defendant, John Henshaw, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Westchester on the 16th day of May, 1916, adjudging him guilty of a contempt of court, and also from an order entered in said clerk's office on the 31st day of May, 1916, denying defendant's

motion to vacate an order for his examination in supplementary proceedings.

*Hugh A. Thornton*, for the appellant.

*Graham Witschief*, for the respondent.

JENKS, P. J.:

This appeal involves two orders — one for a second examination of the judgment debtor, and one to punish him for contempt for disobedience of the said order for a second examination.

The affidavit upon the application for a second examination of the judgment debtor does not purport to show any good reason why the judge should make it, and hence the order should be reversed, with $10 costs and disbursements, and the application should be denied, but without costs. (*Canavan* v. *McAndrew*, 20 Hun, 46; *Matter of Walker*, 157 App. Div. 609.)

But this defect in the affidavit did not affect the jurisdiction (*Marshall* v. *Link*, 13 N. Y. Supp. 224), the judgment debtor could be fined for a contempt when he disregarded the order, and could not purge himself by plea of advice of counsel. (*Erie R. Co.* v. *Ramsay*, 45 N. Y. 637, 654; *New York Mail & Newspaper Trans. Co.* v. *Shea*, 30 App. Div. 374.) The circumstances that subsequent to the contempt the debtor moved to vacate the order and has now succeeded upon this appeal in reversing the order which denied his motion, does not affect the fact that he committed a contempt. (*Shults* v. *Andrews*, 54 How. Pr. 376, cited in *Newell* v. *Cutler*, 19 Hun, 76; Rapalje Contempts, § 39.) He chose to disregard the order, and his contempt was complete before he moved to vacate it. I think, however, that the imposition of a fine in the amount of the judgment was not warranted. For it does not appear that the creditor had suffered loss or injury by the disobedience of the debtor, while it does appear that the debtor was neither willfully contumacious nor defiant, but relied upon the advice of counsel, which was palliative. (*New York Mail & Newspaper Trans. Co.* v. *Shea, supra.*) I think that he should have been fined only to the extent of reimbursement of his

Second Department, November, 1916.          [Vol. 174.

creditor for the costs and expenses of the second application. But we cannot modify the order of punishment for a contempt accordingly, inasmuch as the record is bare, and, therefore, we reverse it, without costs, and remit it for a hearing in accord with this opinion.

THOMAS, STAPLETON, MILLS and PUTNAM, JJ., concurred.

Order for second examination reversed, with ten dollars costs and disbursements, and application denied, without costs. Order adjudging defendant guilty of contempt reversed, without costs, and matter remitted for hearing in accordance with opinion.