FRANCIS A. FALES, RESPONDENT, *v.* THE GLOBE KNIT-
TING COMPANY, APPELLANT, IMPLEADED WITH THOMAS
B. LAWSON AND OTHERS.

*Form of judgment to be entered on the overruling of a demurrer interposed by one of
several defendants.*

Where, in an action for the foreclosure of a mortgage, a demurrer, interposed by
one of several defendants, is overruled, with the privilege to such defendant to
answer within a certain time on payment of costs to the plaintiff, the judgment
to be entered thereon, after the expiration of such time, is interlocutory and
should not provide for the payment of costs where there remain other issues to
be disposed of which are raised by the answers of other defendants.

APPEAL by the defendant, the Globe Knitting Mill Company,
from a judgment, entered upon an order made at the Montgomery
Special Term, overruling a demurrer interposed by said defendant,
with costs, and directing that judgment be entered thereon for the
plaintiff, with liberty to such defendant to answer the complaint
within five days after the service of a copy of the decision thereon,
upon payment to the plaintiff's attorney of thirty-five dollars costs of
the demurrer.

The action was brought to recover the amount due upon a bond
and mortgage against the defendant, the Globe Knitting Company
of Amsterdam, who demurred to the complaint, and other parties
defendant who did not unite in such demurrer but answered the
complaint.

*E. P. White*, for the appellant.

*E. F. Bullard*, for the respondent.

LEARNED, P. J.:

This is an action of foreclosure in which the plaintiff asks also the
special relief of an injunction to prevent defendants from selling
certain machinery, etc. The defendant, The Globe Knitting Com-
pany, demurred for misjoinder of causes of action. On argument,
September twenty-fifth, the demurrer was overruled, with privilege
to answer in five days, on payment of thirty-five dollars costs to
plaintiff. This defendant did not avail himself of this privilege ;
and on October eighth the plaintiff entered a judgment against this
defendant, overruling this demurrer and for seventy-three dollars and
thirty-four cents costs against this defendant. On the twenty-sixth

of November this defendant moved to correct this judgment by inserting the word "interlocutory," and striking out the provision for costs and the docket of said judgment. This was made on an affidavit showing that plaintiff had commenced an action for sequestration upon that judgment and for the appointment of a receiver. This motion was denied. The defendant on December seventeenth appealed from this judgment of October eighth. The plaintiff now moves to dismiss that appeal on the ground that it was not taken in time.

The plaintiff's practice is not correct. The judgment of September twenty-fifth should have provided what was to be entered thereon. (Sec. 1021.) He was not authorized to enter a judgment for costs. The action was not severed (§ 1205), and the costs on the argument of the demurrer were part of the final costs in the action. Section 1021 only allows final judgment to be entered (where leave to plead over is given) in case no other issue remains to be disposed of. He could not enter a final judgment until the issues of fact, raised by other defendants, had been disposed of, not until the usual reference had been had against parties not appearing. The judgment of October eighth was simply interlocutory, because, according to the definition of the Code (§ 1200), it was not a final determination. Being interlocutory, if the defendant did not appeal from it in the proper time, he can only review it (if at all) by appeal from the final judgment; and that final judgment will be the judgment decreeing a foreclosure and sale, which can only be had when all the issues shall have been disposed of.

This appeal, therefore, must be dismissed. And we have stated what the practice should have been and wherein the plaintiff is incorrect. As has been said above, the judgment of September twenty-fifth ought not to have provided for any final judgment, because other issues remained to be disposed of and the action could not properly be severed. There is a motion to stay proceedings on an appeal from another order in this case on the ground of non-payment of costs. The motion is denied.

LANDON and INGALLS, JJ., concurred.

Appeal from judgment dismissed, without costs, and motion to stay proceedings on appeal from order denied.