THE VILLAGE OF PALMYRA, BY ITS PRESIDENT, CHARLES H. BRIGHAM, RESPONDENT, v. ALONZO WYNKOOP AND OTHERS, AS ADMINISTRATORS OF THE ESTATE OF LYMAN LYON, DECEASED, APPELLANTS.

*Appeal-book must contain a written decision — order for judgment on the trial of a demurrer, unnecessary.*

On an appeal from an interlocutory judgment, overruling a demurrer to the complaint, the appeal-book must contain a decision by the court determining the issues of law made by the demurrer.

There can be no judgment on a demurrer, either final or interlocutory, without such written decision.

An order for judgment is not necessary in such a case, nor can such order take the place of a decision in writing by the court which should direct the judgment to be entered thereupon.

APPEAL by the defendants from an order made at the Monroe County Special Term, dated the 24th day of September, 1888, overruling a demurrer and directing the entry of an interlocutory judgment, and from an interlocutory judgment, entered in the Monroe county clerk's office, bearing date November 20, 1888.

The action was brought to trial on issues of law arising on a demurrer interposed by the defendants to the plaintiff's complaint, to the effect that the court had no jurisdiction of the subject of the action; that the complaint did not state facts sufficient to constitute a cause of action, and that the plaintiff had not legal capacity to sue.

The action was brought to obtain an adjudication that the money, chattels and credits, of which Lyman Lyon died seized, were impressed with a trust in favor of the complainant to the amount of $2,178.73, with interest.

*S. B. McIntyre,* for the appellants.

*Aldrich & Sawyer,* for the respondent.

DWIGHT, J.:

Either the record on this appeal is not properly made up or the practice has not been in accordance with the requirements of the Code of Civil Procedure. The appeal-book contains no decision by the court of the issues of law joined by the demurrer.

The requirement of the Code is positive that : " Upon a trial by the court of an issue *of fact or of law,* its decision in writing must be filed in the clerk's office within twenty days after the final adjournment of the term where the issue was tried." (Sec. 1010.) And, further, " the decision of the court  *  *  * upon the trial of a demurrer, must direct the final or interlocutory judgment to be entered thereupon." (Sec. 1021.) There is no room for doubt as to the meaning and effect of these provisions of the statute. There can be no judgment on a demurrer, either final or interlocutory, without a decision in writing of the issue or issues of law which have been tried. Such decision is as necessary on the trial of a demurrer as on the trial of an issue or issues of fact. In either case such decision in writing, signed by the judge, is what is commonly denominated the " findings " of the court — in the one case embracing findings of fact and conclusions of law, in the other case

embracing conclusions of law only. In neither case is an order for judgment necessary, nor can such order take the place of the decision in writing by the court ; the decision itself directs the judgment to be entered thereupon. (Sec. 1021, *supra*.)

By the demurrer in this case, issue was joined upon three distinct propositions of law : 1st. That the court had not jurisdiction of the subject of the action. 2d. That the complaint did not state facts sufficient to constitute a cause of action. 3d. That the plaintiff had not legal capacity to sue. These issues were to be severally decided by the court, and the only manner in which its decision could be properly entered in the judgment-roll and in the record on appeal was by the decision in writing, to be made and filed as required by the section of the statute above quoted. Without such decision the case is not properly here for review. If such decision has been made and filed, the record may be amended by its insertion. If it has been made and not filed, application may be made at Special Term for leave to file it *nunc pro tunc*. If such decision has not been made, and cannot be supplied by reason of the retirement from office of the judge who tried the demurrer, it would seem to be a case of mistrial, and the parties must avail themselves of such remedy as the practice affords. We must decline to consider the appeal upon the record as it stands.

All concurred.