THOMPSON *v.* STANLEY *et al.*

(*Supreme Court, Special Term, New York County.*　June 21, 1892.)

</div>

1. CORPORATIONS—ACTION BY STOCKHOLDER.
    The fact that a corporation has done no business for some years, and has no property except a claim against defendant for the proceeds of the corporation's property, alleged to have been misappropriated by defendant's intestate, does not give a stockholder the right to maintain an action on his own behalf to recover directly from defendant his proportionate share of the funds alleged to have been misappropriated.
2. SAME—RECOVERY FOR BENEFIT OF CORPORATION.
    The right of such action is still in the corporation, and, if brought by a stockholder on the corporation's refusal to sue, the recovery is not for the benefit of the plaintiff, but of the corporation itself.
3. SAME—OFFICERS—AUTHORITY.
    A promise by the president of a corporation to a stockholder who transferred his stock to him, that when the corporation was wound up the stockholder should receive the proportion of the proceeds to which he was entitled, does not make the president liable personally; and he is not competent to make such a promise on behalf of the corporation.
4. SAME—EQUITABLE OWNER OF STOCK—POWER TO SUE.
    Where the owner of stock transfers it to the president of the corporation, to enable him to have control of all the stock and wind up the corporation, the one making such transfer remains the equitable owner of the stock, and may sue as such.
5. SAME—REQUESTING COMPANY TO SUE.
    Where it appears that a corporation, for a number of years, has done no business, elected no officers or directors, and that the entire control of the corporation is practically in the hands of defendant, it is unnecessary for a stockholder to ask that an action be brought by the corporation before beginning such action himself.
6. SAME—PLEADING—PRAYER FOR RELIEF.
    The fact that, in his complaint, plaintiff asks for recovery as an individual which he is only entitled to as a member of a corporation, does not render the complaint demurrable.

Action by Beverhout Thompson against Annie Stanley, as administratrix of David A. Stanley, deceased, and the Harris & Dew Faucet Plug & Bung Company, to recover the proceeds of the property of defendant corporation, alleged to have been misappropriated by defendant's intestate, the president of the corporation.　Defendant Stanley demurs to the complaint. Overruled.

*L. Karge,* for plaintiff.　*Frederick Seymour,* for defendants.

ANDREWS, J.　The defendant Stanley demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause for action, that the plaintiff has not legal capacity to sue, and that several causes of action have been improperly united.　The counsel for the plaintiff contended, upon the argument, and puts forward the same contention in his brief, that the complaint states but one cause of action, and that is to compel the defendant to account directly to the plaintiff and other stockholders for the proceeds of the property of the defendant corporation sold by her husband in his life-

time, and appropriated to his own use. If I thought that this contention of counsel as to the nature of the cause of action attempted to be set up in the complaint were well founded, I should be of the opinion that the complaint did not state a good cause of action against the defendant Stanley, because, if there was such misappropriation by the husband, the injury was done to the corporation itself, and the corporation alone could maintain an action to recover such proceeds, and if an action were brought by the corporation upon such grounds, and proved to be successful, any recovery had would be for the benefit of the corporation itself. Plaintiff's counsel seems to suppose, because the corporation has done no business for some years, and now has no property except a claim against defendant Stanley for the proceeds of the corporation's property, alleged to have been misappropriated by her husband, that the plaintiff can maintain an action on his own behalf, and on behalf of other stockholders who may come in, and recover directly from the defendant his and their proportionate share of the funds alleged to have been misappropriated. As I understand the decisions, however, this cannot be done; for in such a case the right of action is vested in the corporation, and even where the corporation itself refuses to sue, and the action is brought by the stockholder, the recovery is not for the benefit of the plaintiff and all others who may join with him as plaintiffs, but for the benefit of the corporation itself. It does not follow, however, that the complaint does not state a good cause of action on behalf of the corporation, nor that the plaintiff is not entitled to prosecute the action. If it be true that the husband sold all the property of the corporation, and appropriated all the proceeds of such sale to his own use, as is alleged in the complaint, and is admitted by the demurrer, the corporation could have maintained an action against the husband, during his lifetime, to recover such proceeds, and can now maintain such action against his administratrix.

Moreover, the complaint states but one cause of action. The allegations of the complaint in regard to the representation of Stanley to the plaintiff as to the transfer by the plaintiff of his stock to Stanley, the proposed winding up of the corporation, the sale of the property of the corporation, and the appropriation of the proceeds of such sale by Stanley to his own use, do not state a cause of action in favor of the plaintiff against the defendant. The only allegation of a promise to the plaintiff by Stanley is that Stanley represented to the plaintiff that if the property of the corporation was sold, and the corporation wound up, the plaintiff "should receive the proportion to which he was entitled." This is not a promise that Stanley would himself pay to plaintiff such proportion, and did not make Stanley personally liable to the plaintiff for such proportion. Besides, it would not have been competent for Stanley to agree that if the property of the corporation were sold the plaintiff should receive his proportion directly, without a dissolution of the corporation, and a distribution of its assets in the manner provided by law, unless upon the consent of all the stockholders. Nor is there any attempt by the plaintiff to set up in his complaint a cause of action for the value of his stock. He states that he voluntarily transferred the stock, and there is no allegation of a demand for a retransfer of it, nor of a conversion of his stock. Besides, the present action proceeds upon the theory that there was a valid transfer of the stock, and is an affirmance of such transfer. In my opinion, the plaintiff has not attempted in his complaint to set up more than one cause of action, and the complaint in fact alleges but one cause of action, and that is on behalf of the defendant corporation.

It is objected, however, that the plaintiff cannot maintain the action, because he is not a stockholder. This objection is not tenable. There is no allegation in the complaint that the plaintiff sold his stock to Stanley. The allegation is that the plaintiff transferred his stock to Stanley, and that such transfer was made merely to give Stanley control of the stock for the purpose of winding up the corporation. Under these circumstances the plaintiff re-

mained the equitable owner of the stock, and can prosecute this action as a stockholder.

It is further objected that there is no allegation that the corporation has been asked to bring this action, and has refused or neglected so to do. It is true that the complaint contains no such allegation, but I think that, under the decisions, sufficient excuse for not making such request is shown. The corporation has been practically, though not legally, out of existence, for quite a number of years. All its property, it is alleged, was sold by Stanley. It has done no business, and no officers or directors have been elected, for quite a number of years. The complaint alleges that, in his lifetime, Stanley had the entire control and management of the corporation, and had the custody of its books, and that upon his death the books went into the custody of the defendant, as Stanley's administratrix, and, as such administratrix, she had control of the corporation, by virtue of the ownership of most of the stock, and, unless Stanley disposed of the proceeds of the sale of the property of the corporation in his lifetime, they are presumably in the hands of the defendant, as his administratrix. . Under these circumstances, it would have been utterly useless for the plaintiff to have requested that this action should be brought by the corporation; and, in fact, it does not appear that there was any one to whom such request could have been addressed, except the defendant, and it certainly would have been idle to request her to cause an action to be brought in the name of the corporation against herself.

It is also objected that, although there has been no election of directors of the corporation since the year 1886, the directors elected prior to that time hold over until their successors are elected. The act of 1848, under which the defendant was incorporated, does not in terms declare that directors of corporations formed pursuant to its provisions hold over until their successors are elected. It does say that their acts shall be valid against the corporation until their successors are elected; but it is open to question whether, under such provision, the trustees selected prior to 1886, if there were any, would be authorized to institute an action against the defendant in the name of the corporation. Moreover, there is nothing before the court to show that there ever were any directors of the corporation. There is no allegation in the complaint in regard to their being such directors. On the contrary, it is alleged that Stanley, in his lifetime, owned or controlled nearly all the stock, and that he had entire control and management of the corporation and its affairs, and that on his death the defendant, as his administratrix, had succeeded to such ownership and control; that Stanley, in his lifetime, had the custody of the books of the corporation, and that the defendant has them now. Stanley was president, and no one has been elected president since his death, and there is no evidence before the court that there ever were, or are now, any other officers, or directors to whom an application by the plaintiff for the bringing of this action could be made. Under these circumstances, I think a sufficient excuse is shown for the failure to request that the action be brought by the corporation.

There may be some question as to whether the relief demanded is appropriate to the cause of action set forth in the complaint; but it is not necessary to pass upon that question at the present time, because it relates to the mode of trial, the form of the judgment, if the plaintiff succeeds, and the disposition of any moneys that may be recovered. If the action had been brought by the corporation, it would seem that it would either have been to recover damages because of the sale of its property, and the fraudulent misappropriation of the proceeds thereof, or, if the fraud had been waived, for money had and received to its use; and it would have been doubtful whether the corporation would have been entitled to an accounting in a court of equity. The same doubt may arise as now when the case is brought on for trial, but that is a matter which relates entirely to the mode of trial.

Moreover, the complaint also asks for a recovery in favor of the plaintiff. As the action is for the benefit of the corporation, any recovery had must be for its benefit. The fact, however, that the plaintiff has demanded relief that he is not entitled to, does not render the complaint demurrable. The demurrer should be overruled, with leave to answer on payment of costs.