## THOMPSON v. STANLEY et al.

(Supreme Court, Special Term, New York County.   July, 1892.)

1. PRACTICE—JUDGMENT ON DEMURRER—NEW PLEADING.

　　Code Civil Proc. § 1010, provides that, on a trial by the court of an issue of fact or of law, its decision, in writing, must be filed in the clerk's office, within 20 days after the final adjournment of the term where the issue was tried.   *Held* that, on the trial of an issue of law raised by demurrer to the complaint, it was erroneous to enter an order overruling the demurrer with leave to defendant to serve a new pleading.

2. SAME—FORM OF DECISION.

　　In such case a form of decision which directs both an interlocutory and final judgment is improper, since Code Civil Proc. § 1021, provides that the decision must direct the final or interlocutory judgment, but does not provide that it must direct both.

Action by Beverhout Thompson against Annie Stanley, as administratrix of David A. Stanley, deceased, and the Harris & Deu Faucet Plug & Bung Company, to recover the proceeds of the property of the

last-named defendant, alleged to have been converted by said David A. Stanley while president of the corporation. A demurrer to the complaint by defendant Stanley was overruled, (20 N. Y. Supp. 317,) with leave to defendant to answer. Defendant Stanley moves to resettle the order. Granted.

L. Karge, for plaintiff.

Dill, Chandler & Seymour, for defendants.

ANDREWS, J. It has been a very common practice for the prevailing party, after the trial of an issue of law, to enter an order sustaining or overruling the demurrer, and giving the defeated party leave to serve a new pleading. This practice is clearly wrong, for section 1010 of the Code expressly declares that, upon a trial by the court of an issue of fact or of law, its decision, in writing, must be filed in the clerk's office, within 20 days after the final adjournment of the term where the issue was tried. And in Palmyra v. Wynkoop, (Sup.) 6 N. Y. Supp. 62, it was held that there could be no judgment upon a demurrer, either final or interlocutory, without such a decision in writing of the issue or issues; and that no order for judgment was necessary, nor could such order take the place of such decision, in writing, by the court. It follows that the order entered in this case was unwarranted and irregular, and should be vacated.

Counsel for the defendants have submitted a proposed form of decision, which directs both an interlocutory and final judgment. Section 1021 provides that the decision of the court must direct the final or interlocutory judgment, but does not provide that it must direct both judgments; and the attorney for the plaintiff may submit a decision in such form as he thinks should be entered, and also an order vacating the order heretofore entered. The papers may be resubmitted to me at chambers, on July 27th.