Andrews, J.
It has been a very common practice for the prevailing party, after the trial of an issue'of law, to enter an order sustaining or overruling the demurrer, and giving the defeated party leave to serve a new pleading. This practice is clearly wrong, for section 1010 of the Code expressly declares that upon a trial by the court of an issue of fact, or of law, its decision, in writing, must *13 be filed in the clerk’s office, within twenty days after the final adjournment of the term where the issue was tried. And in Palmyra v. Wynckoop (24 State Rep. 824), it was held that there could be no judgment upon a demurrer, either final or interlocutory, without such a decision in writing of the issue or issues ; and that no order for judgment was necessary, nor could such order take the place of such decision in writing, by the court. It follows that the order entered in this case was unwarranted and irregular, and should be vacated.
Counsel for the defendants has submitted a proposed form of decision, which directs both an interlocutory and final judgment. Section 1021 provides that the decision of the court must direct the final or interlocutory judgment, but does not provide that it must direct both judgments ; and the attorney for the plaintiff may submit a decision in such form as he thinks should be entered, and also an order vacating the order heretofore entered. The papers may be resubmitted to me, at Chambers, on July 27.
It was ordered that the order overruling the demurrer be vacated and that the decision in writing on said demurrer stand in lieu of the order and be deemed' filed nunc pro tunc as of June 24, 1892.
The decision on the demurrer was as follows : “ The defendant, Annie Stanley, as administratrix of David A. Stanley, deceased, having demurred - to the complaint herein upon the grounds that said complaint does not state facts sufficient to constitute a cause of action, that plaintiff has not legal capacity to sue and that several causes of action have been improperly united, and said demurrer having come duly on to be heard, now after hearing Frederick Seymour, Esq., of counsel for said defendant in support of said demurrer, and L. Kargé, plaintiff’s attorney, in opposition thereto ; and after reading the complaint herein, filed April 15, 1892, and upon reading and filing said demurrer, and upon due delibera *14 tion thereon, I do make the following conclusions of law: I. That the complaint herein states facts sufficient to constitute a cause of action. II. That the plaintiff has legal capacity to sue. III. That several causes of action have not been improperly united in said complaint. IV. That none of the grounds of demurrer assigned by said defendant, Annie Stanley, are well taken. V. That the plaintiff is entitled to judgment overruling said demurrer with costs which are hereby awarded to the plaintiff to be paid by said defendant to the plaintiff, but with leave, however, to said defendant to answer plaintiff’s complaint herein within twenty days upon payment of costs.
“And I hereby order and direct that said costs be adjusted' by the clerk of this court and that an interlocutory judgment be entered herein which shall direct that said demurrer is overruled with costs to the plaintiff to be paid by said defendant, Annie Stanley, as administratrix of David A. Stanley, deceased, but with leave, however, to said defendant, Annie Stanley, to answer the complaint herein within twenty days after the service of said interlocutory judgment upon her attorneys upon the payment by her to plaintiff’s attorney within said twenty days of said costs so to be adjusted as aforesaid and to be included in said interlocutory judgment.”
“ Dated,” etc. [Signature of Judge.]
The following interlocutory judgment was entered : “ This cause having been regularly brought on for trial upon the issue of law formed by plaintiff’s complaint and the demurrer of the defendant, Annie Stanley, as administratrix of David A. Stanley, deceased, thereto, at a special term of the Supreme Court, Part I, held by Hon. George P. Andrews, one of the justices of this court, who, having heard the parties by their respective counsel and after due deliberation has duly made and filed his decision in writing July 27, 1892, directing interlocutory judgment tobe *15 entered to the following effect. (Plaintiff’s costs having been heretofore adjusted at $37.57.) Now on motion of L. Kargé, attorney for plaintiff, it is adjudged and decreed that said demurrer be overruled with costs to the plaintiff to be paid by the defendant, Annie Stanley, as administratrix of David A. Stanley, deceased, but with leave however to said defendant, Annie Stanley, as administratrix to .answer the complaint herein.within twenty days after service of this interlocutory upon her attorney and upon payment by her to plaintiff’s attorney within twenty days, of said costs amounting to the sum of $37.57 as adjusted .aforesaid by the clerk of this court.”