## McNULTY v. URBAN et ux.

(City Court of Brooklyn, General Term. December 29, 1892.)

1. EVIDENCE—PAROL—AMBIGUITY IN WRITTEN INSTRUMENT.
   Where a written instrument authorizes an agent to sell defendant's land, "subject to mortgages aggregating $44,000," "for the sum of $45,750," parol evidence is admissible to explain any ambiguity as to the price, and to show that defendant's intention was not to realize $45,750 cash, but that the total consideration was $45,750, $44,000 of which was in mortgages already on the property.

2. APPEAL FROM DECISION ON DEMURRER—NECESSITY OF WRITTEN FINDINGS.
   An appeal from a final judgment overruling a demurrer to the complaint will be dismissed where, so far as the appeal book shows, no decision in writing of the issues of law raised by the demurrer has been filed, as required by Code Civil Proc. § 1010. Village of Palmyra v. Wynkoop, 6 N. Y. Supp. 62, 53 Hun, 82, followed.

Appeal from special term.

Action by Peter H. McNulty against Charles Urban and Eliza Urban for specific performance of a contract to sell land. Defendant Charles Urban appeals from a decree directing specific performance as to him, and defendant Eliza Urban appeals from a judgment overruling her demurrer to the complaint. Judgment against Charles Urban affirmed, and appeal by Eliza Urban dismissed.

Argued before CLEMENT, C. J, and OSBORNE, J.

Howard A. Sperry, for appellants.

Wm. J. Gaynor, for respondent.

OSBORNE, J. This action was brought to compel the specific performance of a contract for the sale of certain premises on Fulton street, Brooklyn, alleged to have been made by one Lovett, as the agent of the defendant Charles Urban, and thereto duly authorized. The authority to make the contract in suit was as follows:

"Brooklyn, Dec. 26, 1891.

"I hereby authorize George E. Lovett, my agent, to sell the [sic] 231 and 235 Fulton street, running through to Liberty St., subject to mortgages aggregating 44,000 dollars at 5, per cent., also subject to tenant's leases, and subject to no other incumbrance, for the sum of 45.750 dollars, and I agree to pay him a brokerage of one per cent. on that amount.

"Chas. Urban."

The defendant Charles Urban answered, denying the making of the contract, and the defendant Eliza Urban demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. On a trial of the issues of fact, plaintiff had judgment against the defendant Charles Urban, directing specific performance, and permitting the plaintiff to deduct from the purchase money the value of the dower right of Mrs. Urban in case she should not join in the conveyance. So far as we can learn from the appeal book, the issues of law raised by the demurrer of the defendant Mrs. Urban seem to have been tried at the same time as the issues of fact, and another judgment was entered overruling the demurrer, and directing that she unite with her husband in the conveyance of said real property "to the extent of conveying her dower interest therein." The defendants now appeal from the judgment entered against them, and notice is given "that upon said appeal Eliza Urban will review the order overruling her demurrer herein, the foundation of the judgment against her." So far as the judgment against the defendant Charles Urban goes, directing specific performance, we are of the opinion that it should be sustained. We think the evidence was clear that the defendant Urban intended, by the paper writing above quoted, to make, and did make, Lovett his agent for the purpose of executing, on his behalf, a contract for the sale of the premises at the price named, as soon as Lovett could find a purchaser, and we think that the paper itself bears out that construction. The learned counsel for the appellants further contends that the fair construction of the authorization above quoted only empowered Lovett to make a contract for the sale of the premises for $45,750 cash, leaving the premises still subject to mortgages for $44,000, thus making the total actual consideration $89,750. We do not think that the authorization is to be thus con-

strued, nor is that its fair import. But even conceding that the real meaning of the paper is ambiguous, the evidence introduced showed most clearly that defendant's intention and desire was to sell the premises for a total consideration of $45,750, $44,000 of which was in mortgages already on the property. That parol evidence might be introduced to explain any ambiguity in the authorization is well settled, and the claim of the learned counsel for the appellants as to his construction of the authorization is a sufficient answer to his objections and exceptions to the admission of parol testimony offered, not to vary or contradict the writing, but to show conclusively what was its real intention and meaning. As to the appeal taken by the defendant Eliza Urban we think that it should be dismissed, without costs. The practice as to the disposition of the demurrer served by her has been faulty. She, on this appeal, seeks to "review the order overruling her demurrer herein, the foundation of the judgment against her." No such order appears in the appeal book, but we do find a separate judgment against her, overruling her demurrer, and directing that she unite with her husband in the conveyance to the plaintiff to the extent of conveying her dower interest therein. We thus have, in an equity suit, two separate final judgments, one of which directs the husband to make conveyance, and prescribing that, if the wife does not convey her dower interest, then plaintiff may deduct its value, ($250.80) from the purchase price, while the other judgment overrules the wife's demurrer, and orders her to join in the conveyance to the extent of her dower interest. There is no authority in the Code for any such practice. Fales v. Knitting Co., 51 Hun, 487, 4 N. Y. Supp. 284. Section 1010 provides that the decision of the court in writing must be filed upon the trial of an issue of law, and section 1021 further provides that such decision must direct the final or interlocutory judgment to be entered. No decision in writing of the issues of law raised by the demurrer has been filed, so far as the appeal book shows. We have nothing but a final judgment against Mrs. Urban, with apparently nothing to justify or support it. The case is therefore in such a position that we cannot consider her appeal. Village of Palmyra v. Wynkoop, 53 Hun, 82, 6 N. Y. Supp. 62; Thompson v. Stanley, (Sup.) 20 N. Y. Supp. 317. Judgment against defendant Charles Urban is affirmed, with costs, and the appeal of the defendant Eliza Urban is dismissed, without costs.