### HODECKER v. HODECKER.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

NEW TRIAL—TRIAL BY COURT—DECISION—FAILURE TO FILE.
    Code Civ. Proc. § 1010, requires the decision of an issue of fact or of law tried by the court to be filed in the clerk's office within 20 days after final adjournment of the term at which it was tried, and authorizes either party, in default thereof, to move for a new trial on that ground, and provides that, if the decision is not filed when the motion is heard, the court must grant a new trial absolutely, unless it is filed within the time specified in the order denying it. *Held*, that the statute was mandatory, and where no decision was filed within the time, and a new trial was asked on that ground, the court was bound to grant it, unless the order denying it specified the time when the decision would be filed, and it was filed as specified.

Appeal from special term, Monroe county.

Action by Anna Hodecker against Frederick Hodecker. Plaintiff appeals from a judgment entered on the 2d day of July, 1898, dismissing the plaintiff's complaint on the merits, without costs to

either party; and also from an order entered on the 3d day of June, 1898, which, among other things, directed that a motion for a new trial, made by the plaintiff, on the ground that a decision had not been duly made and filed by the justice who tried said case within 20 days after the adjournment of the term at which such action was tried, be heard on the 11th day of June, 1898; and also from an order granted on the said 11th day of June, 1898, at a special term, and entered on the 30th day of June, 1898, which denied the plaintiff's motion and application for a new trial, which motion was made upon the ground that a decision of the trial justice had not been made and filed within 20 days after the adjournment sine die of the court at which said action was tried. Reversed.

The action was commenced on the 12th day of November, 1897, to set aside a certain agreement, made and entered into by and between the plaintiff and the defendant (who were husband and wife), dated the 18th day of November, 1889, which agreement, it was alleged, was procured by fraud and undue influence, and which, among other things, provided, in substance, by its terms, that in consideration of the sum of about $13,000, paid by the defendant to the plaintiff, and which she received, the plaintiff released the defendant from all claims and demands arising by reason of their relation of husband and wife, and covenanted and agreed that she would live separate and apart from her husband, release all dower interest which she might have in the real estate which he then owned or might thereafter acquire, and would not make any claim or demand upon him for support or maintenance as his wife. Issue was joined in said action by the service of an answer on the 11th day of April, 1898, which in substance denied the allegation of the complaint that said agreement was procured through fraud and duress on the part of the defendant, and alleged its validity. The issues so joined were brought to trial at a special term of the supreme court, held in and for the county of Monroe, on the 11th day of April, 1898. The plaintiff and defendant were each represented by counsel, and the testimony of a large number of witnesses was taken tending to support the contention of the parties, respectively. The taking of testimony was concluded on the following day, the 12th of April, 1898, at which time the learned trial justice announced that, for reasons stated by him orally, the plaintiff's complaint must be dismissed, and thereupon orally directed that the plaintiff's complaint be dismissed, but without costs. On the 13th day of April, 1898, and while the court in which the action had been tried was in session, the justice made and signed findings of fact and conclusions of law, which conclusions of law, among other things, directed that the plaintiff's complaint should be dismissed upon the merits, and judgment rendered in favor of the defendant. On the same day a judgment was entered in the clerk's office of Monroe county in conformity with said findings of fact and conclusions of law, and on the same day the defendant's attorney served upon the attorney for the plaintiff said findings of fact and conclusions of law, which were signed by the trial justice, and which purported to be the decision in said action, and also served upon the attorney for the plaintiff a copy of the judgment entered against her as aforesaid upon such decision. Thereafter, and on the 16th day of April, 1898, at the term of court at which said action had been tried, and apparently upon the court's own motion, the attorneys for the respective parties being present, and not objecting, an order was made setting aside the findings and decision hereinbefore referred to, and vacating the same, and said order further provided: "That the parties may submit proposed findings of law and fact herein to the trial court; also, further ordered that the clerk of this court enter the foregoing order in the said action accordingly." Thereafter, and under date of April 17, 1898, the attorney for the plaintiff submitted to the court proposed findings of fact and conclusions of law. Thirty days thereafter, upon an affidavit dated the 17th day of May, 1898, which, among other things, stated that no decision had been made in writing by the court for more than 20 days after the final adjournment of the court at which said action had been

56 NEW YORK SUPPLEMENT     (Sup. Ct.

tried, and for more than 20 days after the decision and findings made by said court had been vacated and set aside by its order of April 16, 1898, a motion was made by the plaintiff for a new trial, under section 1010 of the Code of Civil Procedure, upon the ground that a decision had not been made in writing by the court within 20 days after the final adjournment of the court at which said action was tried; and in the motion it was also asked that the judgment which had been entered upon the findings, which were afterwards vacated and set aside by the trial justice, as hereinbefore stated, should be canceled of record. Said motion was made returnable at a special term of the supreme court appointed to be held at the court house in the city of Rochester, in the county of Monroe, on the 30th day of May, 1898. On said return day said motion was ordered to be heard at a special term of the supreme court, appointed to be held in and for the county of Monroe on the 11th day of June, 1898, before the justice by whom said action was tried, who was designated to hold said term. On said 11th day of June, 1898, said motion came on to be heard before said justice, and, after hearing counsel for the respective parties, an order was made which, among other things, directed that the plaintiff's motion for a new trial, upon the ground that no decision had been made by the justice before whom such trial had been had within 20 days after the adjournment of said term of court, be denied; and said order directed that that part of plaintiff's motion which asked that the judgment entered upon the findings which had been vacated be set aside and annulled, and that the clerk be directed to strike the same from his docket and from the record, be denied. Thereafter, and on the 28th day of June, 1898, the learned trial justice before whom the above-entitled action was tried made and signed findings of fact and conclusions of law in this case, which conclusions of law, among other things, directed that the plaintiff's complaint be dismissed upon the merits, and also directed judgment in favor of the defendant, but without costs. Upon said last-mentioned findings of fact and conclusions of law the defendant, on the 2d day of July, 1898, entered judgment dismissing the plaintiff's complaint on the merits. To the findings of fact and conclusions of law upon which said last-mentioned judgment was entered the plaintiff duly excepted. From that judgment, so entered, this appeal is taken; and an appeal is also taken from the order which denied plaintiff's motion for a new trial, made upon the ground that a decision had not been made and filed by the justice before whom the action was tried for more than 20 days after the final adjournment of the court at which such action had been tried.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Jacob Spahn, for appellant.
C. C. Werner, for respondent.

McLENNAN, J. The plaintiff's motion for a new trial was made more than 20 days after the final adjournment of the court at which the action was tried, and more than 20 days after the justice before whom the action was tried assumed, by his order of April 16, 1898, to set aside and annul his decision of said case. Assuming that the order of April 16, 1898, was properly made, and apparently neither party objected to it, and its validity is not questioned by this appeal, no decision of the case had been made. Certainly, from the date of said order, the parties were in precisely the same position as if no decision had been attempted. The oral statement of the trial justice at the close of the evidence was in no sense a decision.

Section 1010 of the Code of Civil Procedure provides:

"Upon the trial by the court of an issue of fact or of law, its decision in writing must be filed in the clerk's office," etc.

Section 1022 of the Code of Civil Procedure provides:

"The decision of the court, * * * upon the trial of the whole issues of fact, may state separately the facts found and the conclusions of law, * * * and the court may * * * file a decision, stating concisely the grounds upon which the issues have been decided, and direct the judgment to be entered thereon, which decision, so filed, shall form part of the judgment roll."

The question is presented by this appeal: In case a justice of the supreme court, before whom an issue of fact is tried, neglects to make and file a decision within 20 days after the court at which the trial is had adjourns sine die, what are the rights of the parties?

Section 1010 of the Code of Civil Procedure is as follows:

"Upon a trial by the court of an issue of fact or of law, its decision in writing must be filed in the clerk's office within twenty days after the final adjournment of the term where the issue was tried. If it is not so filed either party may move, at a special term, for a new trial upon that ground. If the decision has not been filed when the motion is heard, the court must make an order for a new trial, either absolutely or unless it is filed within a time specified in the order. If an order for a new trial is made, or a contingent order for a new trial becomes absolute, the costs of the former trial abide the event."

The language of the section is not ambiguous, nor is its meaning uncertain. The court "must" file a decision in writing within 20 days after the final adjournment of the court. If not, either party may move for a new trial. If no decision has been filed when such motion is heard, the court "must" make an order granting a new trial absolutely, or specify a time in the order in which a decision will be made. By the provisions of the section no unreasonable hardship is imposed upon the trial justice. In case no decision is made by him within 20 days after the final adjournment of the court, if a motion is made upon that ground for a new trial, he can make and file a decision before the time of the hearing of said motion. In case such trial justice should then be unable for any reason to make such decision, the section provides that he may, in the order denying a new trial, specify the time within which such decision will be made. It would seem to be the purpose of the section to give the trial justice all reasonable opportunity to make a decision in any case tried before him, but also to prevent a trial justice from withholding a decision in any case indefinitely, and perhaps to the great detriment of either one or both of the parties.

Section 267 of the Old Code (so called) of Civil Procedure provided that:

"Upon the trial of a question of fact by the court, its decision shall be given in writing, and shall contain a statement of the facts found and the conclusions of law separately, and upon the trial of an issue of law the decision shall be made in the same manner, stating the conclusions of law. Such decisions shall be filed with the clerk within twenty days after the court at which the trial took place adjourned."

Under that section of the Code it was held by a long line of authorities that the provision that "a decision shall be filed within twenty days" was merely directory. Lewis v. Jones, 13 Abb. Prac. 427; Burger v. Baker, 4 Abb. Prac. 11; People v. Dodge, 5 How. Prac. 47;

O'Brien v. Bowes, 4 Bosw. 657; Stewart v. Slater, 6 Duer, 83; Brinkley v. Brinkley, 56 N. Y. 192. The courts having decided that section 267 of the Old Code (so called) was merely directory, the parties to the action were left in substantially the same position as they were before the enactment of such section, and it was still within the power of the judge before whom an action had been tried to delay his decision indefinitely, and the parties had no redress. To relieve the parties from such embarrassment, section 1010 of the Code of Civil Procedure was enacted. Considering the language of the section, as compared with the language of section 267 of the Old Code, the conclusion is irresistible that the legislature intended that the provisions of section 1010 should be mandatory, and not directory; otherwise, no intelligent reason can be assigned for the change in the language of the sections. We think that the provisions of section 1010 are mandatory, and that the court before whom an issue of fact is tried must, within 20 days after the final adjournment of the court at which such trial was had, file a decision of the issues involved in such action, and that, in case such court does not file such decision within that time, either party is entitled to make a motion for a new trial, and, in case the court does not make and file a decision before the hearing of such motion, the motion for a new trial must be granted, unless the judge before whom such motion is made specifies, in the order denying the motion for a new trial, a time in which such decision shall be filed. Unless this be the correct interpretation of section 1010, the parties to a litigation are left in precisely the same position as they were under the provisions of section 267 of the Old Code (so called), and are powerless to procure a decision to be made in any case, against the inclination of the judge before whom such action has been tried. We think that the legislature intended, and properly so, that a judge before whom a case had been tried could be compelled to make a decision of such case within a reasonable time, or permit it to be again tried.

In the case of Fleet v. Kalbfleisch, 43 Hun, 443, which was decided by the general term, Second department, and which reviewed an order made granting a motion for a new trial, made upon the ground that no decision had been made in writing of the issues involved in the case tried within 20 days after the final adjournment of the court at which such trial was had, the order was reversed, upon the ground that the moving party was guilty of laches in not having made his motion within a period of 10 years after the trial of said case; but the court said:

"Assuming that the section [1010] is mandatory, wherever an application thereunder is reasonably made, delay will deprive a party of the right to an absolute or conditional order for a new trial on the ground that no decision in writing has been filed, when that party has apparently acquiesced in the oral decision of the case."

In the case of Village of Palmyra v. Wynkoop, 6 N. Y. Supp. 62, it was said by the general term, Fifth department:

"The requirement of the Code (section 1010) is positive that, upon a trial by the court of an issue of fact or of law, its decision in writing must be filed in the clerk's office within 20 days after the final adjournment of the term where the issue was tried."

Without further reference to authority, it would seem clear that the legislature, by the enactment of section 1010 of the Code of Civil Procedure, intended to provide a means by which a judge, before whom an issue of fact or of law was tried without a jury, could be compelled within a reasonable time to decide such case, or to make an order by which a new trial could be had, unless within a· reasonable time a decision was made. Section 267 of the Old Code (so called) had been substantially annulled by the courts in holding that the provisions of that section were directory only, and therefore that a trial judge might withhold his decision in any case for such length of time after the final adjournment of the court at which such case had been tried as he might see fit. To remedy this defect, section 1010 of the Code of Civil Procedure was enacted, and we think it is mandatory, and that now, in case a decision is not made by any judge before whom an issue of fact is tried within 20 days after the final adjournment of the court, either party has a right to move for a new trial upon that ground; and, in case a decision is not made before the hearing of said motion, the court must grant a new trial, unless, in the order denying the motion for a new trial, there is specified a time in which such decision shall be made and filed.

The order denying plaintiff's motion for a new trial, not having specified a time in which a decision should be made and filed, was improperly made, and therefore should be reversed, with $10 costs, and the motion of the plaintiff for a new trial should be granted, with $10 costs of motion, and the judgment entered upon the decision of the justice, made after such motion was denied, should be vacated and set aside, with costs to the appellant to abide the event. Having reached this conclusion, it is unnecessary to consider the questions involved upon the appeal from the judgment. The judgment and orders appealed from are reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment and orders appealed from reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.