### SOBEL v. COUNES.

(Supreme Court, Special Term, New York County. November 28, 1910.)

NEW TRIAL (§ 23*)—GROUNDS—DELAY IN DECISION OF SUBMITTED CASE.

    Code Civ. Proc. § 1010, requires the court to file its decision within a specified time after final adjournment of the term, and provides that where the decision has not been filed before a motion for new trial is heard the court must order the new trial, either absolutely or conditionally. *Held*, that the object is to prevent a trial justice from withholding a decision indefinitely, and where defendant fails for nearly two years to bring a case to a submission after the time stipulated for a submission with briefs, he is not entitled to a new trial absolutely, but one will be granted condi-

---

tionally, and the time for decision to be fixed in the order will depend on the time required by defendant to submit his brief.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 35; Dec. Dig. § 23.*].

Action by Sem Sobel against John Counes. On motion for new trial, pursuant to Code Civ. Proc. § 1010. Granted conditionally.

L. A. Lowenstein (Paul Armitage, of counsel), for the motion.
David Galewski (Robert L. Turk, of counsel), opposed.

GIEGERICH, J. The defendant makes this motion for a new trial in an action to foreclose a mechanic's lien upon the ground that no decision was filed within 20 days after the final adjournment of the term where the issue was tried, as required by section 1010 of the Code of Civil Procedure, which provides as follows:

"Upon a trial by the court of an issue of fact or of law, its decision, in writing, must be filed in the clerk's office within twenty days after the final adjournment of the term where the issue was tried. If it is not so filed either party may move at a Special Term for a new trial upon that ground. If the decision has not been filed when the motion is heard the court must make an order for a new trial, either absolutely or, unless it is filed, within a time specified in the order. If an order for a new trial is made or a contingent order for a new trial becomes absolute, the costs of the former trial abide the event."

The case was tried before me in Special Term, Part 5, in March, 1908, and I directed the plaintiff to procure a copy of the minutes, and after consulting the convenience of counsel I also directed them to submit the case with briefs to me on May 1, 1908. Thereafter the time to submit the case and briefs was extended by stipulations made from time to time until October 15, 1908, beyond which date the defendant's attorney refused to make further stipulations. The minutes and briefs were not submitted, and nothing was done until June, 1910, when the plaintiff's attorney handed in his brief and the stenographer's minutes to the clerk of the part of the Special Term in which the action was tried, and notified the defendant's attorney of what he had done. Thereafter various letters were written, some to me, with respect to further proceeding in the action; the defendant's attorney objecting to the consideration of the case after such a delay, and the plaintiff's attorney urging that it be taken up and disposed of. Finally this motion has been made for a new trial upon the grounds above stated.

The plea is made on behalf of the defendant that some of his exhibits have been lost, and that his attorney and counsel have entirely forgotten the details of the testimony of the witnesses and the various issues and points litigated, and that it is impossible for them to write a brief or properly present this matter on the rough notes that they took on the trial. In the opposing affidavit it is stated that the stenographer who took the minutes at the trial has informed the plaintiff's attorney that a copy of the minutes has been written out and is ready to be delivered to the defendant's attorney. Under the circumstances shown, I cannot see the advantage to either party of directing a new trial of this case, which has already taken up five days of the time of

the court upon the trial. The reason for the plaintiff's delay in procuring and submitting the minutes is stated to be his poverty and the necessity of saving up money to make the necessary payment to the stenographer. The defendant is by no means free of blame for the delay. It was in his power at any time to bring the matter to an issue by making the motion which he now makes.

So far as section 1010 of the Code of Civil Procedure is concerned, this case manifestly does not present the evil which that section was intended to cure or prevent. As was said in Hodecker v. Hodecker; 39 App. Div. 353, 358, 56 N. Y. Supp. 954, the purpose of that section was to prevent a trial justice from withholding a decision in any case indefinitely, and perhaps to the great detriment of either one or both of the parties, and to compel him to make a decision within a reasonable time or to permit the case to be again tried. This case has never been submitted by both sides. On behalf of the defendant the argument seems to be made that the court has no discretion under the present statute, but must grant the motion, as the statute, unlike the corresponding provision in the old Code, is mandatory. But, even so, inexcusable delay will deprive a party of the right either to an absolute or a conditional order. Fleet v. Kalbfleisch, 43 Hun, 443. I think the best disposition of the matter will be to grant the motion conditionally, as is permitted by section 1010. I will decide the case promptly as soon as it is submitted to me. The time to be fixed in the order within which the decision shall be made will depend somewhat upon the time which the defendant's attorney will require to prepare and submit his brief.

The motion is therefore granted in the conditional manner above indicated, without costs, the time within which the decision is to be rendered to be determined upon the settlement of the order.