LAVERNE, INC., Appellant, v. Ross F. LITTELL et al., Respondents.

First Department, October 24, 1961.

*Henry Mark Holzer* for appellant.

*Lee Epstein* for respondents.

*Per Curiam.* Plaintiff appeals from an order denying its motion pursuant to section 442 of the Civil Practice Act for a new trial on the ground that the Trial Justice, who heard the case without a jury, failed to render a decision within 60 days after adjournment of the term in which the issues were tried.

The action was for breach of contract, and, upon the trial, a counterclaim was interposed. So far as the record reveals, the case was not a complicated one, and, at most, required three actual trial days. The issues were submitted on February 19, 1959. Some nine months later, no decision having been rendered in the meantime, plaintiff moved at Special Term for a new trial. The Justice presiding at Special Term referred the motion to the Trial Justice. Exactly two months after the return date of the motion, the Trial Justice rendered his decision on the merits and simultaneously denied the motion.

Section 442 of the Civil Practice Act is designed to allow all reasonable opportunity for a Trial Justice to decide a case tried before him, but also to prevent the Justice from withholding a decision indefinitely to the disadvantage of any litigant.

The section reads as follows: " § 442. Time within which decision must be rendered. Upon a trial by the court without a jury, its decision must be rendered within sixty days after the final adjournment of the term where the issue was tried. If it is not so rendered, either party may move at a special term for a new trial upon that ground. If the decision has not been rendered when the motion is heard, the court must make an order for a new trial, either absolutely or unless it is rendered within a time specified in such order."

These provisions are mandatory. A decision *must* be rendered within 60 days. An order granting a new trial, either absolutely or conditionally upon the failure of the Trial Justice to render a decision within a specified time, *must* be made (*Hodecker* v. *Hodecker,* 39 App. Div. 353, 358–359, construing the comparable section in the Code of Civil Procedure).

In accordance with the language of the section, the motion for a new trial is properly made, as it was here, at Special Term. It should not be referred, however, to the Trial Justice, for reasons that are self-evident. Prompt disposition of the motion should follow as a matter of course, however disagreeable the responsibility of passing upon a co-ordinate colleague's failure. Where, as here, an inordinate time has elapsed in addition to the prescribed 60 days, the order for a new trial should be absolute.

If the motion is made shortly following the 60-day period, the order may properly be conditioned upon failure of the Trial Justice to render a decision within an additional specified time. The motion may not be denied outright, so long as the basic facts are established.

Except in rare instances where the trial has been of extraordinary length, the issues of fact or law are unusually complex and difficult, or, perhaps, where it appears that the anticipated written decision will be exceptionally long and intricate, the additional time specified in the order should be sharply limited. Only in the most difficult and unusual cases should the total time for decision, measured from the last submission, amount to more than a few months.

It is undoubtedly true that the need for prompt decision of submitted issues may impose a heavy burden upon busy trial courts. But the statutory command must be met. Moreover, even if the Trial Justice is not at fault, the parties are entitled to a decision, if one or the other wish it, within a reasonable time.

There may, of course, be extreme cases in which the laches of the litigants in failing to seek the relief provided for in section 442 may warrant unqualified denial of a new trial (see *Fleet* v. *Kalbfleisch,* 43 Hun 443, in which neither party acted for 10 years after conclusion of the trial). But in less bizarre instances, the natural reluctance of counsel to risk the possible displeasure of the Trial Justice may excuse an otherwise unreasonable delay. And where such delay has been extended, although not sufficient to raise the bar of laches, there is all the more reason to grant a new trial unconditionally.

At all events, in view of the mandatory language of section 442, it is incumbent upon Special Term in denying a motion for a new trial conditionally to set forth in its decision the grounds for such conditional denial, in order that the litigants may be advised promptly of the prospect for imminent disposition of the matter. It only compounds the embarrassment to the litigants to hold decision on the motion while the main decision is being prepared for release.

Accordingly, the order appealed from should be reversed, on the law and in the exercise of discretion, the judgment vacated, and a new trial granted, without costs.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Order entered on January 21, 1960 unanimously reversed, on the law and in the exercise of discretion, the judgment vacated, and a new trial granted, without costs.